Milton M. COOKE, Milton M. Cooke, Jr., dba Cooke Land & Development Co., Luck Petroleum Corp., Company of Developing Energy Inc., J.R. Dupuy, Alva Inc., John C. Luck, Jr., Gilbert G. Allen, SRC Farm in Partners—1983, and R. Foy Phillips, Relators,

v.

The Honorable Richard MILLARD, Judge of the 189th Judicial District Court, Harris County, Texas, Respondent.

No. 01–92–00106–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 6, 1992.

David W. Pace, Houston, for relators.

Dan Van Winkie, Patricia K. Dube, Wayne Adams, Malcolm Williams, Houston, for respondent.

Before DUNN, O'CONNOR and DUGGAN, JJ.

OPINION

DUGGAN, Justice.

Cooke and others sued five defendants for negligence in the completion of an oil and gas well. Four of the five defendants moved for summary judgment on grounds that the suit was barred by limitations. Cooke asserted the discovery rule and the relation back doctrine. The fifth defendant, Unibar Drilling Fluids, Inc., did not move for summary judgment. On February 5, 1990, precisely two years ago, the trial court granted all four defendants' motions for summary judgment, signing a single order to that effect. Cooke's claims against Unibar were left intact.

In March of 1990, the four defendants for whom summary judgment had been granted filed a joint motion for severance. Cooke filed a motion for rehearing on the summary judgments. The court took no action on either motion.

In October 1990, counsel for Maxam Tool & Supply, Inc., one of the defendants dismissed by summary judgment, wrote a letter to Judge Millard reiterating the posture of the case and seeking the court's ruling on the pending motion for severance. The letter states in relevant part as follows:

On February 5, 1990, the court granted summary judgment for [four defendants].... Unibar is still a viable party to this lawsuit.... [The four defendants] filed a joint motion for severance. The motion was to be considered on the court's motion submission docket on March 26, 1990. The motion has not been considered by the court because the court considers this file to be closed. We have learned that the court considers this

file to be closed because it was thought that summary judgments were granted on behalf of all defendants. This is not the case.... As Unibar Drilling Fluids remains a viable party to this lawsuit, this file cannot be closed. The joint motion for severance ... is alive and should be considered by the court....

That same month, counsel for Allstate Vacuum and Tanks, Inc., another defendant, also wrote a letter to Judge ·Millard urging him to grant the motion for severance. That letter, like the first, reiterates that the case is still pending against one defendant. Chromalloy American, a third defendant, joined by letter in urging the court to grant severance of the summary judgment for purposes of appeal.

Cooke claims that in May 1991, he sought and obtained a May 20 setting for a hearing on the matter, but the court clerk called and cancelled the hearing at Judge Millard's instruction. The clerk stated that the judge considered the case closed. A letter dated May 15, 1991, from Cooke to the court confirms that the clerk cancelled the hearing.

It appears from the record presented to us that in spite of efforts on both sides to resolve this stalemate, no action has been taken by the trial court in this case since February 1990. Cooke contends that respondent's failure to sever the summary judgment, coupled with his position that the case is "closed," has effectively left the case in "limbo," neither final nor appealable.

Based upon this record, Cooke seeks mandamus requiring Judge Millard (1) to grant the defendants' motion for severance thus finalizing the interlocutory summary judgment order, and (2) to proceed to trial against the remaining defendant. Two issues are thus presented: (1) Is the granting of a severance a purely ministerial act in which the trial court has no discretion? (2) Is mandamus appropriate to require the court to proceed to trial?

Relator contends that the district court has a ministerial duty to finalize its interlocutory judgments and proceed to trial. He emphasizes the fact that all counsel agree the summary judgment should be severed.

■ Rule 41 of the Texas Rules of Civil Procedure provides that "[a]ny claim against a party *may* be severed and proceeded with separately." (Emphasis added.) The trial court is vested with broad discretion in determining whether a severance should be granted. *Marshall v. Harris*, 764 S.W.2d 34, 35 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding); *Ryland Group, Inc. v. White*, 723 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1986, orig. proceeding). Mandamus will not issue to control the action of a lower court involving discretion. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). Accordingly, mandamus will not issue to require Judge Millard to *grant* the joint motion for severance.

■ However, while this court may not prescribe the manner in which a trial court exercises its discretion, we may, by mandamus, order a trial court to exercise its discretion in some manner. *Jones v. Smith*, 470 S.W.2d 305, 307 (Tex.Civ. App.—Houston [1st Dist.] 1971, orig. proceeding); *see also Boswell, O'Toole, Davis & Pickering v. Stewart*, 531 S.W.2d 380, 382 (Tex.Civ.App.—Houston [14th Dist.] 1975, orig. proceeding). A trial judge may not arbitrarily halt proceedings in ·a case pending in his court, and mandamus will lie to compel a trial judge to hear and rule on motions pending before him. *See Greenberg, Benson, Fisk & Fielder, P.C. v. Howell*, 685 S.W.2d 694, 695 (Tex.App.—Dallas 1984, orig. proceeding). Courts of appeals have the power to compel a trial judge to proceed to trial and judgment in a case but not the power to control the character of the judgment. *Ratcliff v. Dickson*, 495 S.W.2d 35, 36 (Tex.Civ.App.—Houston [1st Dist.] 1973, orig. proceeding).

Accordingly, we grant leave to file and conditionally grant in part relator's petition for writ of mandamus and order the trial court either to grant or deny the defendants' joint motion for severance. Whatever the trial court's ruling, we presume that this action will rescue the case from limbo

and begin again the orderly process to eventual trial and judgment. The writ will issue only if Judge Millard fails to rule promptly on the motion.