**In re TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER, Relator.**

No. 07–99–0098–CV.

Court of Appeals of Texas, Amarillo.

May 17, 1999.

John Cornyn, Attorney General of Texas, Austin, Andy Taylor, First Assistant Attorney General, Linda S. Eads, Deputy Attorney General for Litigation, Nelly R. Herrera, Chief, Tort Litigation Division (Joseph M. Dunn, Assistant Attorney General) Office of General Counsel, Texas Tech University Health Sciences Center

(Ken Braxton, Jr. and Kevin Williams), Lubbock, for relators.

Templeton Smithee Hayes Fields Young & Heinrich, (Brian P. Heinrich and Robert L. Templeton) Amarillo, real parties in interest.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

DON H. REAVIS, Justice.

By this original proceeding, relator Texas Tech University Health Sciences Center, (TTUHSC) seeks a writ of mandamus to compel respondent, the Honorable Patrick A. Pirtle, Judge of the 251st Judicial District Court of Potter County, to vacate his order denying relator's motion to sign judgment and motion for severance, and directing the respondent to sign a judgment based upon relator's confession of judgment, in cause number 84,602–C, entitled Shirley W. Jones, Individually, and for the Estate of Clarence E. Jones, Sr., deceased, Clarence E. Jones, Jr., Richard P. Jones, and Stephen B. Jones v. Baptist St. Anthony's Health System, Texas Tech University Health Sciences Center, Marichu Balmes, M.D., Morgan H. McCaleb, M.D., and other unknown individuals, the underlying action.[1] Following receipt of responses from the real parties in interest and oral argument, we conclude that the petition for writ of mandamus must be denied.

The underlying lawsuit is a "health care liability claim" filed by the family of Clarence E. Jones, Deceased, real parties in interest (the family) pursuant to the Medical Liability and Insurance Improvement Act. See Tex.Rev.Civ. Stat. Ann. art. 4590i (Vernon Pamph. Supp.1999). By their action filed on February 27, 1998, and their amended petition filed April 29, 1998, the family seeks wrongful death/survival damages, actual and exemplary, in unspecified amounts against the two physicians, individually and also against TTUHSC and

Baptist St. Anthony's Health System (BSA). Among other allegations, the family alleges the two physicians were employees or agents of TTUHSC. The two physicians filed separate answers on March 17, 1998 and April 2, 1998 and, by separate counsel, TTUHSC filed an answer and jury demand on March 26, 1998. In addition to a general denial, the answer of TTUHSC raised defenses of sovereign immunity, and the $250,000 limitation on recovery against TTUHSC and other defenses imposed by the Texas Tort Claims Act, see Tex. Civ. Prac. & Rem.Code Ann. § 101.023(a) (Vernon 1997), and non-applicability of exemplary and punitive damages. See Tex. Civ. Prac. & Rem.Code Ann. § 101.024 (Vernon 1997).

The family's request for depositions of the two physicians has been stayed by order of the trial court. However, answers to interrogatories filed on August 18, 1998, by the physicians show that insurance coverage exists in the amount of $100,000 for Dr. Balmes and $400,000 for Dr. McCaleb. Without amending or withdrawing its live pleading and demand for jury trial, on October 28, 1998, TTUHSC filed its *confession of judgment* under Rule 314 of the Texas Rules of Civil Procedure, confessing judgment both as to its liability in the underlying cause and damages, not to exceed the amount of $250,000 pursuant to section 101.023(a) of the Texas Civil Practice and Remedies Code. Also, TTUHSC tendered the amount of $250,000 into the registry of the court. Then, on November 4, 1998, the family filed a motion for *non-suit without prejudice* as to TTUHSC asserting that TTUHSC wished to have judgment entered against it for $250,000 so as to prevent the family from having any further cause of action against the individual physicians, and on that same date also filed an objection and response to the confession of judgment.

By order dated November 6, 1998, the trial court set a hearing on the motion for

---

1. Relators Marichu Balmes, M.D. and Morgan H. McCaleb, M.D. have also filed a petition for writ of mandamus in this proceeding seeking the same relief as TTUHSC.

non-suit and confession of judgment for January 12, 1999. Then on December 10, 1998, TTUHSC filed its motion to sign judgment and motion to sever, and an order setting a hearing on this motion for January 12, 1999, was signed. The record provided shows that the two physicians did not join in the TTUHSC motion to sign judgment and motion to sever. Following the hearing held on January 12, 1999, the respondent signed an order which (i) denied the TTUHSC motion to sign judgment and sever the action, and (ii) directed the Potter County District Clerk to release the sum of $250,000 plus accrued interest to TTUHSC. From the limited record presented, we are unable to determine whether respondent has signed an order of dismissal or non-suit as to TTUHSC.

▪ Before considering whether mandamus will issue to compel respondent to sign the judgment against TTUHSC in the amount of $250,000 based upon the confession of judgment filed by TTUHSC, we first consider whether mandamus will issue to review respondent's denial of the motion to sever of TTUHSC. Rule 41 of the Texas Rules of Civil Procedure provides in part that "any claim against a party *may* be severed and proceeded with separately." A motion to sever is addressed to the sound discretion of the trial court. *Marshall v. Harris*, 764 S.W.2d 34, 35 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding). Although in *Lusk v. Puryear*, 896 S.W.2d 377, 379 (Tex.App.—Amarillo 1995, orig. proceeding), we held that mandamus would lie to review an order granting a severance to prevent splitting of a single cause of action, mandamus does not issue to compel respondent to *grant* a motion for severance. *Cooke v. Millard*, 854 S.W.2d 134, 135 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding). In *Cooke*, the trial court had not ruled on a motion for severance. In the mandamus proceeding, the court recognized that an appellate court may not prescribe the manner in which a trial court exercises its discretion, but that an appellate court

"may, by mandamus, order a trial court to exercise its discretion in some manner." Accordingly, although mandamus may lie to compel a trial judge to hear and rule on a motion to sever, we hold that mandamus is not available to direct the trial court to grant TTUHSC's motion to sever.

▪ Regarding the request of TTUHSC that we order respondent to grant its motion to enter judgment against TTUHSC in the amount of $250,000 based upon its pretrial *confession of judgment*, mandamus relief is denied because, in addition to the reasons stated, TTUHSC has an adequate remedy at law by ordinary appeal and has not demonstrated that such a remedy is inadequate. In *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992), the traditional rules were restated, and the Court recognized that mandamus is "an extraordinary remedy, available only in limited circumstances." Moreover, the petition of TTUHSC does not present a situation "involving *manifest and urgent* necessity" which may not be addressed by other remedies. Although *res judicata* is an affirmative defense, in *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989), the Court questioned the contention that an original proceeding is the appropriate vehicle for resolving such a claim, and held that *res judicata* should be determined by ordinary appeal.

▪ Moreover, promptly after TTUHSC filed its pretrial confession of judgment, and before any hearing on the merits of the case, the family filed its motion to non-suit TTUHSC without prejudice. Pursuant to Rule 162 of the Texas Rules of Civil Procedure, the family was entitled to dismiss the case and take a non-suit as to TTUHSC at any time before the family had introduced all their evidence. In *BHP Petroleum Co., Inc. v. Millard*, 800 S.W.2d 838, 840 (Tex.1990), the Court held that the right to take a non-suit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief. In *Rexrode v. Bazar*, 937 S.W.2d 614, 619 (Tex.App.—Amarillo 1997,

no writ), we recognized a plaintiff's right to take a non-suit and expressly noted that the rule was "designed to allow a plaintiff to avoid unexpected emergencies, like the one encountered by appellant when the trial judge withdrew deemed admissions over his objection, without the dire consequences of having a judgment returned against him."

Although the pleadings of TTUHSC did include the affirmative defenses of sovereign immunity, statutory limitation on the amount of its liability, and immunity for exemplary damages, its pleadings did not include a counterclaim against the family or a cross-action or third party action against any of the named parties or third parties. Because the pleadings of TTUHSC did not contain any allegations of a cause of action, independent of the family's claim on which TTUHSC could recover benefits, compensation, or relief, even if the family abandoned its cause of action or failed to establish it for purposes of Rule 162 of the Texas Rules of Civil Procedure, TTUHSC was not seeking affirmative relief. *Millard*, 800 S.W.2d at 841. Accordingly, the family's right to take a non-suit was *unqualified and absolute.*

■ TTUHSC contends that because the family brought suit against it and the two physicians, the family elected their remedy, and therefore, their non-suit was ineffective. We disagree. An election of remedies does not occur unless a party having two or more inconsistent remedies pursues one of them to the exclusion of the others. *Fina Supply, Inc. v. Abilene Nat. Bank,* 726 S.W.2d 537, 541 (Tex.1987), citing Bocanegra v. Aetna Life Ins. Co., 605 S.W.2d 848, 851 (Tex.1980). The policy of the election of remedies doctrine is to bar a party who has obtained a specific form of remedy from obtaining a different and inconsistent remedy for the same wrong. *Fina Supply, Inc.,* 726 S.W.2d at 541. Further, "the doctrine is not favored and its scope should not be extended." *Id.*

■ *TTUHSC relies on Hedgeman v. Berwind Railway Service Company,* 512 S.W.2d 827 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.), in support of its position that the family made its election of remedies. However, *Hedgeman* is not applicable. In *Hedgeman,* after his workmen's compensation claim had been denied by the Industrial Accident Board, the plaintiff filed his suit asserting that he was entitled to benefits under the act, and in the alternative, for common law damages from his employer on the ground that it had failed to either provide a safe place to work or to provide safety equipment. The insurance carrier, which had issued general liability and compensation coverage, confessed judgment as to its workmen's compensation liability and moved to sever. The claims were severed and judgment was rendered against the insurance company for maximum benefits. Although judgment was rendered over the plaintiff's objection, the judgment contained a recitation that the plaintiff and his attorney acknowledged "*receipt of the sum* awarded by the judgment." Following the severance and acceptance of the award of compensation benefits, the plaintiff proceeded to trial on his common law action. However, at the conclusion of the evidence, the trial court rendered judgment for the employer. The court held that because the plaintiff had successfully prosecuted his compensation claim to judgment and had accepted its benefits, the trial court did not err in rendering judgment against the plaintiff on his common law action against his employer. Here however, when TTUHSC filed its confession of judgment, the family (1) promptly filed its motion for non-suit as to TTUHSC, and (2) did not accept the benefits of the deposit by TTUHSC of $250,000 tendered with the confession of judgment. Consequently, relator's petition for writ of mandamus is denied.

The petition for writ of mandamus also filed herein by Marichu Balmes, M.D. and Morgan McCaleb, M.D., filed after the petition by TTUHSC, is also denied for the

reasons stated above, and also because the record indicates they were not parties to the confession of judgment or motion to enter judgment and to sever in the underlying action.