In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00020-CV


______________________________




MICHAEL ANTHONY PICARD, Appellant



V.



LEON ZARZOZA, Appellee




 


On Appeal from the 44th Judicial District Court


Dallas County, Texas


Trial Court No. DV-00-00263-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Michael Anthony Picard has appealed from a judgment taken in favor of Leon Zarzoza. We
now have before the Court a joint motion to vacate the trial court's judgment and dismiss this appeal,
pursuant to Tex. R. App. P. 42.1 and 43.2. The parties ask this Court to vacate the judgment of the
trial court and dismiss this case with prejudice, with all costs taxed against the party who incurred
them. The motion contains an internal date of February 3, 2003, but was not mailed until
February 20. Between those dates, on February 11, 2003, we released our opinion in this appeal. 
Our clerk's office has contacted counsel for both parties, who assure this Court they still desire the
relief sought by the motion.

 It is therefore ordered that our judgment of February 11, 2003, is vacated. We withdraw our
opinion of February 11, 2003. The judgment of the trial court is vacated, and the cause is dismissed
with prejudice in accordance with the settlement agreement of the parties. Costs are assessed against
the party incurring such costs. 

 This Court's judgment is vacated, and the cause is dismissed. 




 Jack Carter

 Justice


Date Submitted: March 5, 2003

Date Decided: March 6, 2003



f a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992). 

 We have the power to compel a trial court to consider and rule on a motion brought to the
court's attention within a reasonable amount of time. In re Bonds, 57 S.W.3d 456, 457 (Tex.
App.--San Antonio 2001, orig. proceeding); Barnes, 832 S.W.2d at 426; Kissam v. Williamson, 545
S.W.2d 265, 266-67 (Tex. App.--Tyler 1976, orig. proceeding). "When a motion is properly filed
and pending before a trial court, the act of giving consideration to and ruling upon that motion is a
ministerial act, and mandamus may issue to compel the trial judge to act." Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.--San Antonio 1997, orig. proceeding). But, while we
have jurisdiction to direct the trial court to exercise its discretion in some manner, we may not tell
the court what judgment it should enter. In re Tasby, 40 S.W.3d 190, 191 (Tex. App.--Texarkana
2001, orig. proceeding); Cooke v. Millard, 854 S.W.2d 134, 135 (Tex. App.--Houston [1st Dist.]
1992, orig. proceeding). Thus, Burden has no right to mandamus relief to (as he requests) "correct
the issues" through compelling the expunction of his records. 

 As for Burden's complaint that the trial court refused to address his motion, a "party's right
to mandamus relief generally requires a predicate request for some action and a refusal of that
request." In re Perritt, 992 S.W.2d 444, 446 (Tex. 1999). While the mandamus record includes a
statement by the clerk that the court would not be doing anything on the motion, Burden presents no
indication that he ever presented his motion to the court, requested a hearing, or requested the court
rule on the motion. Burden essentially asks this Court to order what he himself has not requested. 
 This is not one of those rare cases when the presenting of the motion would be futile. Id. at
446 (finding codefendant's expressly denied request sufficient). On the record presented, we cannot
say that Burden has established his right to a writ of mandamus to compel the trial court to hear his
motion.

 The petition for writ of mandamus is denied.



 Bailey C. Moseley

 Justice


Date Submitted: December 6, 2007

Date Decided: December 7, 2007
1. The underlying motion seeks to have the court remove references to weapons, injury to
persons, or violence from Texas Department of Criminal Justice-Institutional Division records,
Texas Parole Board records, and any other records relating to underlying cause number 96-6608-CR. 
2. Holt v. F.F. Enters., 990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied).