6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00072-CV


______________________________





IN RE:


RICHARD KLEVEN, II








 
 

Original Mandamus Proceeding







 
 



Before Morriss, C.J., Ross and Cornelius,* JJ.

Memorandum Opinion by Justice Ross

*William J. Cornelius, C.J., Retired, Sitting by Assignment



MEMORANDUM OPINION


 Richard Kleven, II, has filed a petition for writ of mandamus in which he asks this
Court to order the 5th Judicial District Court of Bowie and Cass Counties to rule on two
motions: a motion concerning discovery requests and a request for sanctions that,
according to Kleven's petition, was filed May 16, 2002, and a motion to compel production
of documents, filed April 23, 2003. This case has already been before this Court once on
direct appeal and in a previous mandamus. The underlying lawsuit is presently set for trial
June 24, 2003.

 We requested a response from the trial court, which has now arrived. In its
response, the trial court specified the rulings which it had made on the various motions filed
by Kleven, many of which were ruled on during the course of a pretrial hearing at which
Kleven was present. (1) The trial court further affirmatively stated in its response as follows: 
"Moreover, Petitioner [Kleven] was asked whether he had any additional matters for
Respondent [trial court] to consider at the close of the hearing, and Petitioner said he did
not."

 While this Court may not prescribe the manner in which a trial court exercises its
discretion in ruling on a motion, we may, by mandamus, order a trial court to exercise its
discretion in some manner. Cooke v. Millard, 854 S.W.2d 134, 135 (Tex. App.-Houston
[1st Dist.] 1992, orig. proceeding). When this Court cannot take any action that can effect
the requested relief, and thus the order will have no practical result, we will deny the
petition for writ of mandamus as moot. Dow Chem. Co. v. Garcia, 909 S.W.2d 503, 505
(Tex. 1995).

 The relief sought by Kleven in his petition for writ of mandamus has either already
been given or was not timely requested. We therefore cannot take any action that can
effect the requested relief.

 The petition is denied as moot.


 Donald R. Ross

 Justice


Date Submitted: June 11, 2003

Date Decided: June 12, 2003


1. No reporter's record of this hearing has been provided to this Court.


ed a notice of
appeal May 6, 2005.
          The clerk's record and reporter's record were due to be filed with this Court on or
before June 10, 2005. See Tex. R. App. P. 26.1, 35.3. Northern Texas does not claim to
be indigent and was thus responsible for paying or making adequate arrangements to pay
the costs for preparing the records. See Tex. R. App. P. 35.3(a), (b); 37.3(b), (c). The
record is now more than thirty days overdue. On June 24, 2005, we contacted Northern
Texas by letter. We gave appellants an opportunity to cure the defect and warned them
that, if we did not receive an adequate response within ten days, this appeal would be
subject to dismissal for want of prosecution. See Tex. R. App. P. 42.3(b), (c).
          No record has been filed, and despite our warning, Northern Texas has provided
this Court with no information to indicate that a record will be provided.
 

          Pursuant to Tex. R. App. P. 42.3(b), we dismiss the appeal for want of prosecution. 



                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      July 25, 2005
Date Decided:         July 26, 2005