6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00035-CV
______________________________



IN RE: GLENN MARTIN GREENWELL 
AND THE CITY OF TEXARKANA, ARKANSAS




Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Original Mandamus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter



O P I N I O N

Â Â Â Â Â Â Â Â Â Â Â Â The City of Texarkana, Arkansas, has filed a petition for writ of mandamus requesting that
this Court order the Honorable Leon Pesek, Jr., Judge of the 202nd Judicial District of Texas, to rule
on its motion for partial summary judgment. We conditionally grant the petition.
Â Â Â Â Â Â Â Â Â Â Â Â April Nicole Brown Davis, the plaintiff, and Glenn Martin Greenwell, a police officer on
duty with the City of Texarkana, Arkansas, Police Department, had an accident on the Texas side
of State Line Avenue.


 Davis sued the City of Texarkana, Arkansas, and Greenwell alleging that the
negligent conduct of Greenwell caused the collision. The City filed a motion for partial summary
judgment alleging that Arkansas sovereign immunity should be applied through the doctrine of
comity. According to the City, Arkansas law waives sovereign immunity only for the amount
covered by liability insurance. See Ark. Code Ann. Â§ 21-9-301 (LEXIS through 2004 legislation).
Judge Pesek refused to rule on the motion, stating that the Arkansas law was a "limitation of
damages under sovereign immunity" and that he saw no reason to rule on the motion until after trial. 
Â Â Â Â Â Â Â Â Â Â Â Â Mandamus will issue only when the record establishes (1) a clear abuse of discretion or the
violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839â40 (Tex.
1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of
discretion or, in the absence of another statutory remedy, when the trial court fails to observe a
mandatory provision conferring a right or forbidding a particular action. Abor v. Black, 695 S.W.2d
564, 567 (Tex. 1985) (orig. proceeding). 
Â Â Â Â Â Â Â Â Â Â Â Â According to the City, Judge Pesek's refusal to rule denies it the opportunity to take an
interlocutory appeal.


 The City relies on the First District Court of Appeals' decision in Grant v.
Wood, which ordered a trial judge to rule on a motion for summary judgment when the trial judge's
express purpose was to deny an interlocutory appeal. 916 S.W.2d 42 (Tex. App.âHouston [1st
Dist.] 1995, orig. proceeding). But see In re Am. Media Consol., 121 S.W.3d 70, 74 (Tex.
App.âSan Antonio 2003, orig. proceeding) (limiting Grant to circumstances where the express
purpose of the trial court in refusing to rule is to prevent an interlocutory appeal). However, we find
other grounds that lead us to conclude the writ should be issued.
Â Â Â Â Â Â Â Â Â Â Â Â Once a ruling has been requested on a motion pending before a trial court, the trial court is
required to consider and rule on a motion within a reasonable time. In re Kleven, 100 S.W.3d 643,
644 (Tex. App.âTexarkana 2003, orig. proceeding); Barnes v. State, 832 S.W.2d 424, 426 (Tex.
App.âHouston [1st Dist.] 1992, orig. proceeding); see Eli Lilly & Co. v. Marshall, 829 S.W.2d 157,
158 (Tex. 1992). While a trial court has some discretion in the manner in which it rules on motions,
the trial court commits a clear abuse of discretion when it refuses to rule on pending motions. Grant,
916 S.W.2d at 45. "When a motion is properly filed and pending before a trial court, considering
and ruling on the motion is a ministerial act, and mandamus may issue to compel the trial court to
act." Kleven, 100 S.W.3d at 644; Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.
App.âSan Antonio 1997, orig. proceeding). However, if a reasonable time has not yet passed, the
trial court's failure to rule may not be a clear abuse of discretion. In re Mission Consol. Indep. Sch.
Dist., 990 S.W.2d 459, 460â61 (Tex. App.âCorpus Christi 1999, orig. proceeding) (mandamus not
available when only thirty days had passed). 
Â Â Â Â Â Â Â Â Â Â Â Â Under the facts of this case, the trial court abused its discretion by refusing to rule on the
motion for partial summary judgment before trial. The motion for partial summary judgment was
filed September 9, 2004. A hearing concerning the motion was held and the trial court issued a letter
October 13, 2004, indicating it would not rule on the motion before trial. The City filed a motion
requesting a ruling before trial on November 9, 2004. The motion for partial summary judgment has
been pending for over six months. Further, we recognize that the City has an argument that it may
be entitled to an interlocutory appeal if the motion is denied. While we have jurisdiction to direct
the trial court to exercise its discretion in some manner, we may not tell the trial court what that
decision should be. Crofts v. Court of Civil Appeals, 362 S.W.2d 101 (Tex. 1962); In re Tasby, 40
S.W.3d 190, 191 (Tex. App.âTexarkana 2001, orig. proceeding); Cooke v. Millard, 854 S.W.2d
134, 135 (Tex. App.âHouston [1st Dist.] 1992, orig. proceeding). The City is entitled to have a
ruling on its motion for partial summary judgment before trial. The relief sought is therefore
conditionally granted. The writ will issue only if the trial court fails to take appropriate action in
accordance with this opinion.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â March 23, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â March 24, 2005



-faith claim would be inadmissible on the
contract claim. The trial court denied the motion and the carrier sought mandamus relief with the
Texas Supreme Court, arguing that joinder of the claims would cause undue prejudice in the
resulting combined trial. The Akin court began its analysis by noting that insurance coverage claims
and bad faith claims are, by their nature, independent causes of action. The court then acknowledged
that severance of claims under our Rules of Civil Procedure rests within the trial court's sound
discretion. The Akin court ultimately concluded that the trial court had not abused its discretion
because the homeowner's claims would be largely interwoven and that any prejudicial effect caused
by admission of evidence for one claim that should not be considered in evaluating the merit of a
different claim could be reasonably ameliorated with an appropriate jury instruction. The applicable
law, therefore, did not mandate severance given the factual posture of the mandamus record. 927
S.W.2d at 628-31.

 More recently, the Second Court of Appeals reviewed a case involving thirteen plaintiffs
whose food poisoning lawsuits against a manufacturer, a distributor, and a salvage grocer of spoiled
chili had been consolidated for trial. The lawsuits involved tort claims as well as fraud claims, based
on the belief that some of the plaintiffs had been fraudulently induced into settling their tort claims. 
The chili's distributor, Ben E. Keith, sought to sever the food poisoning victims' claims from those
brought by a cross-defendant alleging a tortious interference with business relations; the trial court
denied the distributor's severance motion. The distributor then sought mandamus from the Fort
Worth appellate court. The court of appeals determined the tortious interference claims were
factually, temporally, and legally distinct from those claims surrounding the distribution and
consumption of the spoiled chili. Accordingly, because these business tort claims were "not so
interwoven with the personal injury action that they involve the same facts and issues, they [were]
properly severable." In re Ben E. Keith Co., 198 S.W.3d 844, 848 & 853 (Tex. App.--Fort Worth
2006, orig. proceeding) (quoting Guar. Fed. Sav. Bank, 793 S.W.2d at 658). The appellate court
ultimately concluded that the trial court abused its discretion by failing to sever the two types of
claims, reasoning that allowing these multitude of claims to proceed in a unitary proceeding might
only serve to confuse and prejudice the jury against the distributor in assigning liability for the
plaintiffs' food poisoning. Id. at 855.

 Next, the Fourth Court of Appeals recently reviewed a case in which a mother had sued her
obstetrician for injuries sustained by the mother's son during childbirth. The mother later amended
her petition to include claims against another doctor (who performed a tubal ligation following the
delivery), a medical group that had previously (but not as of the date of the child's delivery)
employed the obstetrician, and the hospital at which she gave birth. Additional defendants were also
added regarding indemnity coverage. The trial court severed the indemnity coverage claims from
the other causes of action. On direct appeal of the trial court's final judgment, the mother
complained that the trial court erred by severing her indemnity claims against the hospital from the
medical malpractice case. The appellate court disagreed, noting that the mother's indemnity claims
were temporally, factually, and legally separable from the mother's negligence claims. The trial
court's severance order was, therefore, a proper exercise of its discretion. Laredo Med. Group v.
Jaimes, 227 S.W.3d 170 (Tex. App.--San Antonio 2007, pet. denied). 

 Finally, last fall, the Fourth Court of Appeals again reviewed the propriety of a trial court's
order regarding severance. In Travelers Lloyds of Texas Insurance Co., the relators sought a writ
"directing the trial court to grant their motion for severance and abatement." 273 S.W.3d at 370. 
The insurance company was sued by two homeowners for hail and water damages; the causes of
action involved contractual and noncontractual claims. Id. Travelers made a settlement offer, which
was rejected by the homeowners; Travelers subsequently sought to have the contractual and
noncontractual claims severed on the basis that the insurer would be entitled, at the time of trial, to
introduce evidence of its settlement attempts to rebut the homeowners' claims of bad faith (evidence
that would not have been admissible with respect to the contract claim). Id. at 370-71. The trial
court denied the severance motion. The Fourth Court of Appeals affirmed the trial court's ruling,
concluding the trial court's remedy of conducting a bifurcated proceeding was a viable, reasonable
solution to the problems raised in the underlying case. Id. at 373-75. The appellate court thus held
that the trial court had not abused its discretion.

G. The Mandamus Record Does Not Reveal an Abuse of Discretion

 We now turn to whether the trial court abused its discretion by denying Liu's severance
motion. Both the real party in interest and the respondent agreed at oral argument that this lawsuit
involves more than one cause of action. The mandamus record supports this agreement: Woods is
suing multiple parties under varying causes of action. Some of her claims sound in tort, others in
contract. The defendants include medical professionals, insurance companies, and the allegedly
intoxicated driver who piloted the car which crashed into the one carrying her. 

 The parties also agreed during oral argument in the prior mandamus proceeding that
Guaranty's second prong has been met and the mandamus record supports the parties' agreement on
this aspect: There seems to be little doubt that Woods could have sued Liu for medical malpractice
without having sued the other driver, the other medical providers, or the insurance companies. 

 The only true disagreement among the parties concerns the third prong of Guaranty's test: 
whether "the severed actions are not so interwoven with the other claims that they involve the same
facts and issues." Guar. Fed. Sav. Bank, 793 S.W.2d at 658.

 As discussed above, Woods claims she was injured as a result of an intoxicated driver
crossing the median of I-20 and striking the vehicle in which Woods was a passenger. The accident
occurred in Harrison County and Woods suffered substantial injuries. She was transported from the
scene of the accident to Good Shepherd Medical Center. There, Woods was treated by several
different medical professionals, including Liu. Woods contends that Liu failed to properly complete
her surgery because he neglected to connect one or more anchoring screws to the distal end of the
inserted rod; as a result, Woods's bones did not heal properly. Woods also sued Travelers Insurance
Company, raising breach of contract and underinsured motorist coverage claims. In addition, Woods
brought suit against State Farm Insurance for breach of contract and underinsured motorist coverage
claims. The claims against the two insurance companies concern those companies' alleged denial
of coverage following Woods's submission of reimbursement claims to both. 

 With respect to having a singular proceeding involving Woods's medical malpractice claims
against Liu and Woods's other claims against Parker, the trial court could have reasonably concluded
that the close temporal proximity of the moments when the defendants allegedly injured Woods, the
high degree to which these claims involve the same facts and issues, and the interwoven proof of
damages could have (when factored together) prompted the trial court to conclude that a unitary
proceeding against the multiple alleged tortfeasors was necessary, based on Woods's allegation in
her amended petition that her injuries were the result of the combined negligence of both Parker and
Liu. Cf. Landers v. E. Tex. Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731, 734 (1952)
("Where the tortious acts of two or more wrongdoers join to produce an indivisible injury, that is,
an injury which from its nature cannot be apportioned with reasonable certainty to the individual
wrongdoers . . . the injured party may proceed to judgment . . . against all in one suit."). We do not
believe such a conclusion to be arbitrary or unreasonable, given the mandamus record before us. (3)

 Finally, the trial court may have been concerned that if the cases were severed, there was a
heightened possibility that two juries in two separate trials in separate cases might arrive at different
and conflicting results and a single trial would reduce the chance of that possible scenario. 

 Therefore, for the reasons discussed, we deny Woods's petition for writ of mandamus.




 Bailey C. Moseley

 Justice



 

CONCURRING OPINION


 I concur with the result reached by the majority opinion, but write additionally to emphasize
what I believe to be an important case not discussed in that opinion. 

 In Jones v. Ray, 886 S.W.2d 817 (Tex. App.--Houston [1st Dist.] 1994, orig. proceeding),
the plaintiff alleged that a series of events by different medical personnel in different counties and
at different times combined to produce the quadraplegia of a minor. At least one of the acts of
negligence involved dropping the patient on the floor. The trial court severed the actions of some
of the tortfeasors. In granting the mandamus, the court of appeals found that an abuse of discretion
occurred. The following quote is lengthy, but explains the important principles better than I can:

 The severed causes must also not be so intertwined as to involve the same
identical facts and issues. In his fourth amended petition, relator alleged a continuous
course of treatment constituting one continuous transaction, jointly producing an
indivisible injury. Accordingly, the damages, if any, suffered by Jones from the acts
relator alleges in the severed claims, necessarily relate to and are intertwined with the
damages he suffered from the alleged acts of the Harris County defendants. At a
single trial of all claims, the finder of fact will be asked, for each entity concerning
which there is evidence of some responsibility for Jones's injuries, to assign a
percentage of that responsibility; the percentage the finder of fact assigns to each
such entity will necessarily affect, and be affected by, the percentage of responsibility
it assigns to each of the other such entities. If the severance order were allowed to
stand, and the case were to proceed as two separate suits, then that relationship would
hold true only in the abstract, and not in practice. The severance of the claims into
two separate suits would not, of itself, preclude each set of defendants from
presenting evidence that the defendants on trial in the other suit were responsible for
Jones's injuries. In each of those suits, the facts and issues relating to each particular
entity's liability for Jones's injuries would be the same. Additionally, the respective
triers of fact could each find that Jones had been injured and that the parties over
whom their respective courts had no jurisdiction were collectively 100 percent
responsible for his injuries, with the nonsensical result that Jones would recover
nothing, despite those findings. On the other hand, the respective triers of fact could,
instead, each decide that the parties over whom their respective courts did have
jurisdiction were collectively 100 percent responsible for Jones's injuries, leading to
the equally nonsensical result that there would be, at least temporarily, two different
judgments for full compensation for the same injuries to Jones. 


Id. at 821-22.

 The possibility of inconsistent verdicts is likewise present in this case. In a severed case in
Harrison County, it is conceivable that the jury would place the entire percentage of responsibility
on Dr. Edward Liu, for the nonconnected humerus bone, as Dr. Liu's conduct would be an issue as
a responsible third party, even though the plaintiff could not recover for Dr. Liu's conduct. Tex. Civ.
Prac. & Rem. Code Ann. § 33.003(a)(4) (Vernon 2008). This finding could not be used in a later
proceeding to impose liability on Dr. Liu. Tex. Civ. Prac.& Rem. Code Ann. Â§Â 33.04(i)(2) (Vernon
2008). Then, if the case against Dr. Liu was tried in Gregg County, it is possible that a jury could
find that the driver's negligence was the entire cause of the injury to the humerus bone, thereby
resulting in two completely inconsistent verdicts. The plaintiff would have findings of 100%
responsibility of each of the defendants, but have no recovery. Theoretically, the converse could
occur, resulting at least temporarily in a double recovery. To avoid the possibility of such
inconsistent results, the trial court properly exercised its discretion by denying the severance. 




 Jack Carter

 Justice



Date Submitted: June 9, 2009

Date Decided: June 10, 2009


1. These same issues have been presented to us before by the same parties. In cause number
06-08-00140-CV, Woods sought a petition for writ of mandamus from this Court that directed the
trial court to withdraw its order granting Liu's severance motion. Oral argument was presented by
both parties in connection with the previous mandamus proceedings. In the previous petition
brought to this Court, the then-sitting trial court, the Honorable Bonnie Leggat Hagan, had granted
Liu's severance motion. She subsequently retired from her position as the presiding judge of the 71st
Judicial District Court and the Honorable William Todd Hughey was elected and assumed office
during the pendency of that previous mandamus proceeding. After having first heard oral argument
in connection with that previous case, we abated Woods's mandamus petition pursuant to Rule 7.2
of the Texas Rules of Appellate Procedure to allow the newly-seated judge to reconsider Liu's
severance motion. See Tex. R. App. P. 7.2. After such consideration, the new trial court denied Liu's
severance order, rendering moot that prior petition for mandamus relief. The parties' positions in
this current mandamus proceeding are merely repetitive of their positions previously: Liu asserts
severance is proper; Woods argues to the contrary. Those positions were thoroughly explored during
oral argument in connection with cause number 06-08-00140-CV, and we take judicial notice of
those previous proceedings. See Tex. R. Evid. 201.
2. We note that at least one appellate jurist, Chief Justice Tom Gray of the Tenth Court of
Appeals, has expressed reservations about the propriety of a mandamus court's decision to deny relief
being based on a legal principle not otherwise expressly briefed by the parties at the appellate level. 
Chief Justice Gray has argued that such "savings" arguments have been forfeited by the parties when
those issues were not raised and briefed by the parties themselves, but instead only brought forth by
the reviewing court sua sponte. See, e.g., In re Olshan Found. Repair Co. of Dallas, L.L.C., 192
S.W.3d 922, 926-27 (Tex. App.--Waco 2006, orig. proceeding) (Gray, C.J., dissenting). 
Respectfully, we disagree with Chief Justice Gray's approach, if for no other reason than the fact that
mandamus review requires us to focus on the trial court's decision-making process, rather than the
parties' abilities to preserve or forfeit issues. When the trial court does not delineate its reasoning,
the mandamus standards do not thereafter limit our review process based on how narrowly the
parties have briefed the case. Instead, the reviewing court is called upon to examine the mandamus
record in the "light most favorable" to the trial court's resolution of the issues and indulge in all
reasonable inferences that would support denying relief. See generally In re Travelers Lloyds of Tex.
Ins. Co., 273 S.W.3d 368 (Tex. App.--San Antonio 2008, orig. proceeding) (en banc); cf. Worford,
801 S.W.2d at 109 (lower court's judgment must be affirmed if it can be upheld on any legal theory
that finds support in evidence).
3. Liu also asserts it will be difficult for the trial court to craft a proper jury charge in this case. 
We agree. But we disagree with Liu's contention that such a task is impossible. We have full faith
that the trial court, working with all the parties, who are represented by conscientious attorneys,
could create a proper jury charge in this case that is not merely limited only to that which might be
found in the Pattern Jury Charge handbook. The potentiality of crafting a proper jury charge is,
however, irrelevant to the issue actually presented--which is whether certain causes of action against
Liu are so interwoven with the claims against the other defendants that they involve the same facts
and issues as to counsel submission to the same jury. On this record, we cannot say the trial court
abused its discretion by answering that question in the affirmative.