Opinion issued January 26, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00760-CV

———————————

IN re ARTIS CHARLES HARRELL, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

Relator, Artis Charles Harrell, who
is incarcerated, has filed, pro se, a petition for writ of mandamus,
challenging the trial court’s failure to rule on his pending motions, including
his motions to set his civil case for trial.[1]  In his sole issue, Harrell contends that the
trial court has abused its discretion in not responding to his requests for a
jury trial and ruling on other pending motions. 


We grant the portion of the petition
for writ of mandamus pertaining to Harrell’s request for a trial setting.

Background

          In
his petition for writ of mandamus, Harrell represents that he filed his
original petition[2]
in the underlying court on January 5, 2006. 
According to Harrell, in his petition, he alleged that real party in
interest, Branch Brinson, unlawfully entered his premises with the intent to
commit theft.  As reflected in the trial
court’s original docket control order, Harrell’s case was assigned a 2006 cause
number and the trial court originally set it for trial on November 26,
2007.  On November 7, 2007, the trial
court sent to Harrell, who was incarcerated, a notice that his case had been
set for docket call on November 19, 2007, his failure to appear would be
“grounds for dismissal for want of prosecution,” and his case remained set for
trial on November 26, 2007.  

          Harrell’s
case did not proceed to trial, and the trial court did not dismiss it for want
of prosecution.  On March 19, 2009, the
trial court sent to Harrell, who remained incarcerated, a notice that his case
was set for docket call on April 9, 2009 and trial on April 13, 2009.  The notice reminded Harrell that his failure
to appear would be “grounds for dismissal for want of prosecution.”  

Again, Harrell’s case did not
proceed to trial.  Nor was it dismissed for
want of prosecution.  On September 18,
2009, Harrell sent to the trial court a letter asking for the “current trial
docket sheet.”  The record contains a
notation that, on September 30, 2009, Harrell was notified that his case was
not set for trial.  On August 24, 2010,
Harrell sent to the trial court another letter asking for an explanation as to
why his case had been “removed from the trial docket without written
notice.”  Harrell requested that the
trial court rule on all his “pending motions” “up to and including [his]
request for trial.”   Harrell then listed
a number of motions that he asserted the trial court had not yet
considered.  None of these other motions are
contained in the mandamus record. 

There is no indication that the
trial court responded to Harrell’s request for a ruling on his motion for a
trial setting or otherwise set the case for trial or any dispositive
hearing.  On June 15, 2011, Harrell sent
to the trial court another letter, “asking to be placed back on the trial
docket” and to “set a trial date.” 
Harrell further requested a ruling “on all pending motions.”  Finally, Harrell asked the trial court to
issue a bench warrant so that he could appear for the “final hearing” or trial
or, alternatively, to “hold a hearing by telephone conference.”  There is no indication that the trial court responded
to Harrell’s requests or motions.  It is
undisputed that Harrell’s civil case remains active, has not been dismissed,
and continues to remain on the trial court’s docket approximately six years
after its filing.[3]    

Standard of Review

Mandamus is an extraordinary
remedy, which is available only when (1) a trial court clearly abuses its
discretion and (2) there is no adequate remedy by appeal.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135–36 (Tex. 2004).  A trial court clearly abuses its discretion
if it reaches a decision so arbitrary and unreasonable as to amount to a clear
and prejudicial error of law.  Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992).  With respect to a trial
court’s determination of legal principles, “a trial court has no ‘discretion’
in determining what the law is or applying the law to facts.”  In re
Prudential, 148 S.W.3d at 135 (quoting Walker,
827 S.W.2d at 840).

Trial Setting

          In
his sole issue, Harrell argues that the trial court has abused its discretion
because it has refused his requests and motions to set his civil case for trial
and to rule on other pending motions, including his request for a bench warrant.[4]  

Motions for Trial
Setting  

A court of appeals may not
prescribe the manner in which a trial court exercises its discretion, but it
may, by mandamus, require a trial court to exercise its discretion in some
manner. Cooke v. Millard, 854 S.W.2d
134, 135 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); Jones v. Smith, 470 S.W.2d 305, 307
(Tex. Civ. App.—Houston [1st Dist.] 1971, orig. proceeding).  A trial court may not arbitrarily halt
proceedings in a pending case, and mandamus will lie to compel a trial court to
entertain and rule on motions pending before it.  Cooke,
854 S.W.2d at 135; Greenberg, Benson,
Fisk & Fielder, P.C. v. Howell, 685 S.W.2d 694, 695 (Tex. App.—Dallas
1984, orig. proceeding).  A trial court
is required to consider and rule upon a motion within a reasonable time. In re Martinez Ramirez, 994 S.W.2d 682,
683–84 (Tex. App.—San Antonio 1998, orig. proceeding); Kissam v. Williamson, 545 S.W.2d 265, 266–67 (Tex. Civ. App.—Tyler
1976, orig. proceeding).  If a motion is
properly filed and pending before a trial court, the act of considering and
ruling upon that motion is ministerial, and mandamus may issue to compel the
trial court to act.  In re Martinez Ramirez, 994 S.W.2d at 683–84.  Moreover, although courts of appeals do not
have the power to control the character of a judgment entered by a trial court,
courts of appeals may compel a trial court to proceed to trial and judgment in
a case.  Cooke, 854 S.W.2d at 135; see
also In re Martinez Ramirez, 994 S.W.2d at 684 (stating that while courts
of appeals have jurisdiction to direct trial court to proceed to judgment, it
may not tell trial court what judgment it should enter).

Harrell has attached to his
petition copies of two letters, addressed to the trial court and respectively dated
August 24, 2010 and June 25, 2011, seeking a trial setting of his civil case.  It is undisputed that the trial court has not
set Harrell’s case for trial or otherwise disposed of the case.  Although the trial court has previously sent to
Harrell multiple notices of possible dismissal for want of prosecution, the
record indicates that Harrell’s case remains active.  

Harrell has demonstrated that he
has sought a trial date of his civil case, which was filed in 2006, for
approximately sixteen months, he has twice received notices of possible
dismissal of his case for his failure to personally appear at docket call
before his trial settings, the trial court has since removed his case from the
trial docket,[5] and
Harrell is receiving no response from the trial court despite multiple
inquiries.  We conclude that, under these
circumstances, mandamus is appropriate as a means of compelling the trial court
to exercise its discretion, rule upon Harrell’s motions for a trial setting,
and set his case for trial in order to proceed to a final judgment in the case.  See
In re Martinez Ramirez, 994 S.W.2d at
684.  Accordingly, we hold that the trial
court has abused its discretion in not, within a reasonable time, considering
and ruling upon Harrell’s multiple motions for a trial setting.

We sustain the portion of Harrell’s
issue pertaining to his requests for a trial setting.

Bench Warrant

Although Harrell is incarcerated
and appears pro se, which likely complicates the resolution of his civil case,
it is “well-established that litigants cannot be denied access to the courts
simply because they are inmates.”  In re Z.L.T., 124 S.W.3d 163, 165 (Tex.
2003) (citing Hudson v. Palmer, 468
U.S. 517, 523, 104 S. Ct. 3194, 3198 (1984)); In re Martinez Ramirez, 994 S.W.2d at 684.  However, a litigant who is incarcerated does
not have an absolute right to appear in person in every court proceeding.  In re
Z.L.T., 124 S.W.3d at 165.  Rather,
an inmate’s right of access to the courts must be weighed against the protection
of our correctional system’s integrity.  
Id.  A court, when deciding whether to grant an
inmate’s request for a bench warrant, may consider a variety of factors, including
“the cost and inconvenience of transporting the prisoner to the courtroom; the
security risk the prisoner presents to the court and public; whether the
prisoner’s claims are substantial; whether the matter’s resolution can
reasonably be delayed until the prisoner’s release; whether the prisoner can
and will offer admissible, noncumulative testimony that cannot be effectively
presented by deposition, telephone, or some other means; whether the prisoner’s
presence is important in judging his demeanor and credibility; whether the
trial is to the court or a jury; and the prisoner’s probability of success on
the merits.”  Id.  An inmate seeking a
bench warrant must justify the need for his presence.  In re
D.S., 333 S.W.3d 379, 387 (Tex. App.—Amarillo 2011, no pet.).  If a court determines that a pro se inmate in
a civil suit need not appear personally, it should instead allow the inmate to
appear by telephone, affidavit, or deposition. 
Id.; see also Brown v. Foster, No. 01-04-00482-CV, 2005 WL 1705045, at
*1 (Tex. App.—Houston [1st Dist.] July 21, 2005, no pet.) (mem. op.).

To the extent that Harrell is
presenting a complaint concerning the lack of a bench warrant, he has failed to
present any factual information demonstrating why his interest in appearing at
a trial, if one is ultimately set, outweighs the impact on the correctional
system.  See In re Z.L.T., 124 S.W.3d at 165–66. 
He has not demonstrated that the trial court has abused its discretion
in refusing to grant his request for a bench warrant at this point in the
proceedings.  Accordingly, we hold that the trial court has not abused its
discretion in not granting Harrell a bench warrant at this point in the
proceedings.  

We overrule the portion of
Harrell’s issue pertaining to his request for a bench warrant and pending
motions other than his request for a trial setting.

 

 

 

 

 

 

 

 

 

 

Conclusion

We conditionally grant the petition
for writ of mandamus in regard to the complaint concerning the trial setting,
and we direct the trial court to consider and rule upon Harrell’s motions
seeking a trial setting and set the case for trial in order to proceed to
judgment.  See In re Martinez Ramirez,
994 S.W.2d at 684 (granting inmate mandamus relief and directing trial court to
consider inmate’s motion for default judgment and proceed to judgment in
case).  We grant this portion of
Harrell’s petition so that, whatever the trial court’s ruling, the case can
“begin again the orderly process to eventual trial and judgment.”  See
Cooke, 854 S.W.2d at 135–36.  The writ will issue only if the trial court
fails to comply.

 

 

                                                          Terry
Jennings

                                                          Justice

 

Panel
consists of Justices Jennings, Massengale, and Huddle.

 











[1]
          The underlying case is Harrell v. Brinson, No. 2006-02867, in
the 189th District Court of Harris County, Texas, the Honorable William R.
Burke presiding.

 





[2]
          Harrell has not included in the
mandamus record a copy of the petition. 
Nevertheless, it is undisputed that he filed his civil lawsuit in 2006 and
it remains pending in the underlying court. 






[3]
          We requested a response from
Brinson, but he has not filed one.  The
trial court, in a September 28, 2011 letter filed in this Court, stated that
Harrell’s case had not been set for trial and, if the case was not resolved, it
would “arrange to have it tried.”   It
also noted that it had no “intention to bench warrant” Harrell to a trial.  This Court has received no further
communication that the case has been tried or disposed.         





[4]
          The focus of Harrell’s petition
concerns the lack of a trial setting.  
The record presented by Harrell does not contain copies of the numerous
other pending motions that Harrell contends are outstanding, except for a
request for a bench warrant contained within in his letter seeking a trial
setting.  Because Harrell has not
included any of these other motions in the record, and because he does not
specifically complain about these other motions, we do not address any
complaints concerning these motions.  See Tex.
R. App. P. 52.7(a) (requiring relator to present record upon which
relief by mandamus may be granted); In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003) (“In
general, our rules place the burden on litigants to identify with sufficient
specificity the grounds for a ruling they seek. . . . A litigant’s status as an
inmate does not alter that burden.).  We,
do, however, address the request for a bench warrant, as Harrell has
specifically identified that request and has included record documents
supporting this request.  





[5]
          By its letter to this Court, the
trial court has acknowledged that it is aware that Harrell’s case remains
pending before it.  We note that, despite
Harrell’s requests for his case to be placed on the trial docket, the record
before us indicates that there is currently no trial date set.  To the extent the record before us accurately
reflects this fact, we note that the Rules of the Civil Trial Division of the
District Courts of Harris County provide that “[c]ases shall be set for trial
for a date certain.”  Harris County (Tex.) Civ. Dist. Ct. Loc. R.
3.4.2.