

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00064-CR

_____

IN RE:  ROBERT SHAYNE KINSLOW

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

In his petition for writ of mandamus, Robert Shayne Kinslow, an inmate proceeding pro se, states that, in 2009, he pled guilty to indecency with a child and received deferred adjudication community supervision. In December 2013, he was arrested again for an unspecific crime, and the State moved to revoke his community supervision. By motion, he requested that the trial court rescind his 2009 guilty plea and change it to not guilty. The trial court denied his motion. Kinslow filed a petition for writ of mandamus, requesting, as best we can determine, that this Court order the Honorable Eric Clifford, presiding judge of the 6th Judicial District Court of Texas, to grant his motion, rescind Kinslow's 2009 guilty plea, and change it to a plea of not guilty.

We may grant a petition for writ of mandamus when the relator shows that there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam).

We have the power to compel a trial court to consider and rule on a motion brought to the court's attention within a reasonable amount of time. *In re Bonds*, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam); *Kissam v. Williamson*, 545 S.W.2d 265, 266–67 (Tex. App.—Tyler 1976, orig. proceeding) (per curiam). But, while we have jurisdiction to direct the trial court to exercise its discretion in some manner, we may not tell the court what judgment it should enter. *In re Tasby*, 40 S.W.3d 190, 191 (Tex. App.—Texarkana 2001, orig.

proceeding); *Cooke v. Millard*, 854 S.W.2d 134, 135 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Thus, Kinslow has no right to mandamus relief.

Even if Kinslow had a right to the relief he requests, he has failed to provide this Court with any record in support of his petition. It is the relator's burden to provide this Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3. The trial court is not required to consider a motion unless it is called to the court's attention. *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). Other than his unsupported allegation that he did so, Kinslow's petition is not accompanied by any proof he brought this matter before the trial court. *See* TEX. R. APP. P. 52.3(k)(1). Kinslow's petition does not include an appendix or any other attempt to provide a record for our review, and that is fatal to his petition.

For the reasons stated, Kinslow's petition is denied.

Josh R. Morriss, III
Chief Justice

Date Submitted:     April 14, 2014
Date Decided:       April 15, 2014

Do Not Publish