In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00321-CV**
_____

**IN RE TOM RICHARD DOYLE JR.**

_____

**Original Proceeding**
_____

**MEMORANDUM OPINION**

Tom Richard Doyle Jr. seeks mandamus relief compelling the judge of the County Court at Law of Liberty County, Texas to act on motions and pleadings relating to the probate of the estate of Doyle's father.  The real party in interest, Charles Richard Jarvis, filed a response, but he has not contested the accuracy of any of the documents that Doyle submitted with his petition.

This is the second mandamus petition Doyle has filed with this Court. In a previous filing, we denied mandamus relief Doyle requested from the county judge because the judge transferred the contested matter to the county court at law. *See In re Doyle*, No. 09-13-00319-CV, 2013 WL 5276088, at *1 (Tex. App.—Beaumont

1

Sept. 19, 2013, orig. proceeding) (mem. op.). Doyle complains that the judge of the county court at law has refused to act on either his request for a temporary injunction or his claims against the administrator.

The probate court granted letters of administration to the real party in interest Jarvis. Doyle is the sole beneficiary of the estate. Doyle filed an application for determination of heirship, a request for a temporary injunction, a formal complaint against the independent administrator for failing to provide an accounting or to distribute the estate, and an application to close the estate. *See* Tex. Est. Code Ann. §§ 359.006, .101, .102, 361.051, .052, 362.051, .052 (West 2014).[1] Doyle complains that after the case was transferred to the county court at law, he repeatedly requested a hearing but no hearing has been scheduled.[2] The real party in interest does not challenge Doyle's claim that he submitted his requests to the trial court and that the trial court has neither ruled on Doyle's motions nor set the case for trial.

This Court cannot prescribe the manner in which the trial court exercises its discretion, but we may order a trial court to exercise its discretion in some manner.

---

[1] Doyle cited to the former Probate Code, but the Texas Estates Code has come into effect since Doyle filed his pleadings.

[2] Because he is incarcerated, a hearing would be telephonic unless the trial court grants the issuance of a bench warrant for Doyle's personal appearance.

*Cooke v. Millard*, 854 S.W.2d 134, 135 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). We may compel a trial court to proceed to trial and judgment in a case. *In re Tasby*, 40 S.W.3d 190, 191 (Tex. App.—Texarkana 2001, orig. proceeding). A trial court abuses its discretion when it fails to rule on pretrial motions that have been properly presented to it within a reasonable time. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

A trial court has broad discretion to manage its docket. *In re Chavez*, 62 S.W.3d 225, 228-29 (Tex. App.—Amarillo 2001, orig. proceeding). Determining what time period is reasonable depends on the circumstances of the case. *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding); *see also In re Smith*, No. 07-13-00345-CV, 2013 WL 6909161, at *2 (Tex. App.—Amarillo Dec. 17, 2013, orig. proceeding) (holding a three month delay in selecting a date to hear a motion that has been pending for eight months is unreasonable). In this case, Doyle alleges the administrator has failed to file the required reports and that further delay will increase the likelihood that the estate's assets will be depleted. Jarvis does not controvert Doyle's assertion that the case has not been set on a hearing or trial docket, notwithstanding Doyle's repeated requests.

Accordingly, we conditionally grant the petition for a writ of mandamus and direct the trial court to set a hearing on Relator's pending motions, rule on Relator's pending motions, and schedule the case for final disposition. The writ shall issue only if the trial court fails to act promptly in accordance with this opinion.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on August 4, 2014
Opinion Delivered September 18, 2014

Before Kreger, Horton, and Johnson, JJ.