RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

AUG 2 8 2015

CHRISTOPHER A. PRINE
CLERK _____

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

AUG 2 8 2015

CHRISTOPHER A. PRINE
CLERK _____

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

AUG 2 8 2015

CHRISTOPHER A. PRINE
CLERK _____

01-15-00731-CV

CAUSE NO. 2014-63129

---

TO THE
COURT OF APPEALS
FOR THE
FIRST DISTRICT OF TEXAS
AT HOUSTON

---

ARTIS CHARLES HARRELL,
Relator,

v.

JUDGE PATRICIA J. KERRIGAN
Respondent.

---

WRIT OF MANDAMUS

## INDENTITY OF PARTIES

Relator, Artis Charles Harrell, pro se, at all relevant times since the initation of this civil suit, has been incarcerated and is being detained in TDCJ-CID at the McConnell Unit, 3001 South Emily Drive, Beevelli, Texas 78102.

Respondent, Judge Patricia J. Kerrigan, a Harris County Civil District Court Judge, for the 190th Civil District Court at 201 Caroline St., 12th Floor, Houston, Texas 77002.

Interestd party, defendant, Jerome Godinich Jr., a Harris County attorney at law, 929 Preston, Suite 200, Houston, Texas 77002.

## TABLE OF CONTENTS

| | PAGE |
|---|---|
| IDENTITY OF PARTIES | i |
| INDEX OF AUTHORITIES | ii |
| STATEMENT CONCERNING ORAL ARGUMENT | ii |
| STATEMENT OF JURISDICTION | ii |
| STATEMENT OF CASE | 1 |
| STATEMENT OF FACTS | 2 |
| ISSUE PRESENTED | 3 |
|     I. THE TRIAL COURT REFUSE TO RULE ON PENDING MOTIONS HAS CAUSED HARRELL'S CASE TO BE ARBITRARILY DELAYED, THEREBY ABUSING ITS DISCRETION | 3 |
| ISSUE NO. ONE | 4 |
|     Argument & Authorities | 4 |
| CONCLUSION | 6 |
| PRAYER | 6 |
| CERTIFICATE OF SERVICE | 7 |
| EXHIBIT CERTIFICATE OF HARRELL | 8 |

i

INDEX OF AUTHORITIES                                     PAGE

TEXAS RULES OF APPELLATE PROCEDURE

RULE 51.1 ............................................... ii

RULE 51(a) ............................................. 7

CASE LAW

Cooke v. Millard, 854 S.W.2d 134, 135 (Tex.App.—Houston
[1st Dist.] 1992, ori. proceeding) .......................... 5

Greenberg, Benson, Fisk & Fielder, P.C. v. Howell, 685
S.W.2d 694, 695 (Tex.App.—Dallas 1994, orig. proceeding)... 5

In re Prudential Ins. Co. of Am., 148 S.W.3d 124,
135-36 (Tex. 2004) ........................................ 4

Jones v. Smith, 470 S.W.2d 305, 307 (Tex.Civ.App.—Houston
[1st Dist.] 1971, orig. proceeding) ....................... 5

In re Martinez Ramirez, 994 S.W.2d 682, 683-84 (Tex.App.—
San Antonio 1998, orig. proceeding) ....................... 5

Kissam v. Williamson, 545 S.W.2d 265, 266-67 (Tex.App.—
Tyler 1976, orig. proceeding) ............................. 5

Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) .......... 4

## STATEMENT OF ORAL ARGUMENT

Oral argument waived.

## STATEMENT OF JURISDICTION

This Honorable Court of Appeals has jurisdiction to hear this WRIT OF MANDAMUS according to Texas Rule of Appellate Procedure, Rule 51.1, to compel Judge Patricia J. Kerrigan, to rule on all pending motions.

## STATEMENT OF CASE

The Harris County District Clerk received and filed Artis Charles Harrell's ("Relator") "Original Petition" on or about October 10, 2014. See attached and incorporated as **Exhibit 1.**

Jerome Godinich Jr., the real party in interest, filed his answer on or about November 12, 2014. See attached and incorporated as **Exhibit 2.**

Relator served Godinich with the first set of interrogatories on or about December 2, 2014; the second interrogatories was served upon Godinich on or about January 2, 2015; and the third interrogatories was served upon Godinich on or about February 23, 2015, respectively. See attached and incorporated as **Exhibit 3, 4, and 5,** respectively.

Relator filed three motions to compel with the trial court on April 23, 2015. See attached and incorporated as **Exhibits 6, 7, and 8,** respectively.

Relator filed three motions for an immediate ruling on the pending motions to compel with the trial court on or about May 13, 2015. See attached and incorporated as **Exhibits 9, 10, and 11,** respectively.

Relator sent the trial court judge a letter on May 28, 2015, requesting an immediate ruling, or in the alternative, a reason for refusing to rule on the pending motions. See attached and incorporated as **Exhibit 12.**

1

## STATEMENT OF FACTS

Artis Charles Harrell ("Relator") made "interrogatories" discovery requests, whom the real party in interest, Jerome Godinich, refused to answer under oath by not verifying his answers. Relator took action by filing first, a motion with the trial court to compel Godinich to answer the requested interrogatories under oath by verifying his answers. The trial court refused to rule upon Relator's motion to compel. Relator then filed with the trial court a motion requesting an immediate ruling on the motion to compel. Again, the trial court refused to rule on the pending motions. Relator then wrote the trial court judge a letter again requesting a ruling on the pending motions. Once again, the trial court refused to rule on the pending motions. Relator now files this his request for writ of mandamus as to compel the trial court to rule on the pending motions.

## ISSUE PRESENTED

**ISSUE NO. ONE:** THE TRIAL COURT REFUSE TO RULE ON PENDING MOTIONS HAS CAUSED HARRELL'S CASE TO BE ARBITRARILY DELAYED, THEREBY ABUSING ITS DISCRETION.

Issue No. One: The trial court refuse to rule on pending motions has caused Harrell's case to be arbitrarily delayed, thereby abusing its discretion.

Argument & Authorities

mandamus is an extraordinary remedy, which is available only when (1) a trial court clearly abuses its discretion and (2) there is no adequate remedy by appeal. **In re Prudential Ins. Co. of Am.,** 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. **Walker v. Packer,** 827 S.W.2d 833, 839 (Tex. 1992). With respect to a trial court's determination of legal principles, "a trial court has no 'discretion' in determining what the law is or applying the law to facts." **In re Prudential,** 148 S.W.3d at 135 (quoting **Walker,** 827 S.W.2d at 840).

In the instant case, Harrell requested interrogatories from Godinich, the real party in interest. Godinich refuse to answer said interrogatories by not verifying his answers. Harrell filed several motions with the trial court to compel Godinich to answer all requested interrogatories by verifying his answers. The trial court refused to rule on the pending motions. Harrell then filed several other motions with the trial court requesting an immediate ruling on the pending motions. Again, the trial court refused to rule on the pending motions. Harrell then wrote the trial court judge a letter again requesting a

4

ruling on the pending motions. Once again, the trial court refused to rule on the pending motions. With no adequate remedy at law by appeal, Harrell was left with no choice but to file this application for writ of mandamus.

A court of appeals may not prescribe the manner in which a trial court exercise its discretion, but it may, by mandamus, require a trial court to exercise its discretion in some manner. **Cooke v. Millard,** 854 S.W.2d 134, 135 (Tex App.-Houston [st Dist.] 1992, orig. proceeding); **Jones v. Smith,** 470 S.W.2d 305, 307 (Tex. Civ. App.-Houston [1st Dist.] 1971, orig. proceeding). A trial court may not arbitrarily halt proceedings in a pending case, and mandamus will lie to compel a trial court to entertain and rule on motions pending before it. **Cooke,** 854 S.W.2d at 135; **Greenberg, Benson, Fisk & Fielder, P.C. v. Howell,** 685 S.W.2d 694, 695 (Tex. App.-Dallas 1984, orig. proceeding). A trial court is required to consider and rule upon a motion within a reasonable time. **In re Martinez Ramirez,** 994 S.W.2d 682, 683-84 (Tex. App.-San Antonio 1998, otig. proceeding); **Kissam v. Williamson,** 545 S.W.2d 265, 266-67 (Tex. Civ. App.- Tyler 1976, orig. proceeding). If a motion is properly filed and pending before a trial court, the act of considering and ruling upon that motion is ministerial, and mandamus may issue to compel the trial court to act. **In re Martinez Ramirez,** 994 S.W.2d at 683-84.

The instant case is a jury trial case, and Harrell wants to invoke public policy of resolving this case within the time

5

frame of eighteen months.

In order for Harrell to bring this case to trial, he must be able to conduct discovery. Without conducting discovery there can be no final resolution. Harrell believes that he is entitled to conduct discovery in order to investigate all claims and defenses put forth be Harrell and Godinich.

## CONCLUSION

Harrell believes that he has demonstrated that the trial court has abused its discretion in not, within a reasonable time, considered and ruled upon Harrell's multiple motions compelling Godinich to answer requested interrogatories.

## PRAYER

Harrell prays that this Court of Appeals grant this his Writ of Mandamus in order that he may conduct discovery and proceed to trial for a final resolution of all issues in dispute.

Respectfully submitted,

Artis Charles Harrell
Pro se - TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

6

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Writ of Mandamus was delivered to the interested parties by First Class Mail:

Judge Patricia J, Kerrigan
190th District Court
201 Caroline St.
12 Floor
Houston, Texas 77002

Jerome Godinich Jr.
Attorney at Law
929 Preston
Suite 200
Houston, Texas 77002

Artis Charles Harrell

7

EXHIBIT CERTIFICATE OF HARRELL

THE STATE OF TEXAS                    IN THE FIRST COURT OF APPEALS

COUNTY OF HARRIS                      OF HARRIS COUNTY, TEXAS

I, ARTIS CHARLES HARRELL, Relator, do hereby certify that the above and foregoing proceedings, instruments and other papers contained in Exhibit 1 thru 12 inclusive, to which this certification is attached to this Writ of Mandamus is made a part thereof, are true and correct copies of all proceedings, instruments and other papers specified by Rule Rule 51(a) in Cause Number 2014-63129, styled ARTIS CHARLES HARRELL v. JEROME GODINICH JR. in said court 190 th District Court of Harris County, Texas.

Executed on _August 25_____, 2015.

_Artis C. Harrell_____
Artis Charles Harrell

8

EXHIBIT 1

ORIGINAL PETITION TO RECOVER DAMAGES FOR
BREACH OF FIDUCIARY DUTY FOR FAILURE TO DISCOLSE, AND
FOR FAILURE TO TURN OVER TO HARRELL, HARRELL'S CLIENT FILES
IN CRIMINAL CAUSE NUMBER 982557

CAUSE NO. _____

ARTIS CHARLES HARRELL                          IN THE____STATE CIVIL
Plaintiff

v.                                             DISTRICT COURT OF

JEROME GODINICH, JR.
Defendant                                      HARRIS COUNTY, TEXAS


ORIGINAL PETITION TO RECOVER DAMAGES FOR
BREACH OF FIDUCIARY DUTY FOR FAILURE TO DISCLOSE, AND
FOR FAILURE TO TURN OVER TO HARRELL, HARRELL'S CLIENT FILES
IN CRIMINAL CAUSE NUMBER 982557

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Artis Charles Harrell, files this original petition, complaining of Jerome Godinich, Jr.'s breach of fiduciary duty and respectfully shows:

I

Pursuant to Texas Rules of Civil Procedure, Rule 190.1, Plaintiff intends to conduct discovery in this case under Level 3.

II

Plaintiff Artis Charles Harrell is an incarcerated individual residing at W.G. McConnell Unit, 3001 S. Emily Dr., Beeville, Texas 78102, of Bee County.

III

SERVICE OF CITATION REQUESTED

Defendant Jerome Godinich, Jr. is an individual doing business at 929 Preston, Suite 200, Houston, Texas 77002, of Harris County, at which the **Citation** and a copy of the **Petition** shall be served by a process server.

## IV

## ARREST AND DETENTION

On March 3, 2004, several City of Houston Police officers from Harris County, Texas, entered Artis Charles Harrell's ("Harrell") home located at 9602 Bird Nest Trail in Fort Bend County, Texas without his consent, arrest warrant, probable cause and exigent circumstances.

## V

## INITIAL APPEARANCE

On March 31, 2004, Harrell was taken before a Harrel County magistrate, twenty-eight (28) days after the March 3, 2004 arrest (see attached and incorporated Magistrate's Warnings as Exhibit A), who informed him of the charge, the right to remain silent, the right to request or retain an attorney, the possibility that any statement made may be used against him, and the general circumstances under which pretrial release may be secured; at which time the magistrate denied him bail.

## VI

## PRELIMINARY ASSIGNED COURT APPEARANCE
## AND
## PRETRIAL BOND HEARING

On April 1, 2004, Harrell appeared in the 184th District Court with Jerome Godinich Jr. ("Godinich") as his attorney for the purpose of the trial court determining pretrial release. The court had no authority to detain Harrell in custody between March 3, 2004 and May 10, 2004 without bail, specifically when no warrant had been issued and no grand jury indictment until May 10, 2004.

2

# VII

## ORDER APPOINTING COUNSEL

Although, on March 31, 2004, Harrell requested the court to appoint counsel to represent him because he was financially unable to employ counsel, counsel was not appointed until April 27, 2004, cause number 982557 (see attached and incorporated **Order Appointing Counsel as Exhibit B**).

# VIII

## GODINICH WAS NEGLIGENT AT THE PRELIMINARY ASSIGNED COURT APPEARANCE AND BOND HEARING, CAUSING HARRELL'S PREMATURE INCARCERATION AND RESULTING DAMAGES

On April 1, 2004, the trial court held the preliminary court appearance and bond hearing to determine probable cause for Harrell's further detention. Harrell was allowed to consult with Godinich, at which time, Harrell informed Godinich that he believed his March 3, 2004 arrest was illegally performed without a warrant or probable cause, and that he had been placed in a live lineup on March 11, 2004 against his will, after he had invoked his right to counsel on March 4, 2004 during police interrogation. Godinich told Harrell he would reset the case in order to investigate his claim of unlawful arrest. The case was reset for April 27, 2004, and the trial court denied bail without making a probable cause determination for Harrell's March 3, 2004 arrest in cause number 982557. On April 27, 2004, the trial court officially appointed Godinich as Harrell's attorney in cause number 982557 (see attached and incorporated **Agreed Setting as Exhibit C**), case reset for May 26, 2004.

Godinich allowed time to elapse in seeking Harrell's release

3

from premature incarceration, where no warrant had been issued for Harrell's arrest on March 3, 2004, and no indictment had been issued by the grand jury until May 10, 2004 (see attached and incorporated **Indictment** as **Exhibit D**).

## IX

### FIDUCIARY MISCONDUCT WAS INHERENTLY UNDISCOVERABLE

Fiduciary's misconduct was inherently undiscoverable because Godinich concealed the matter that influnced his actions to Harrell's prejudice duricg Harrell investigating claims of ineffective assistance of counsel against Godinich in 2007. Harrell, during his state writ of habeas corpus proceedings, claimed that Godinich failed to challenge the probable cause for his arrest and detention, where Godinich had filed a pretrial motion to suppress evidence, claiming that Harrell's arrest had been illegally performed without a warrant or probable cause (see attached and incorporated **Motion to Suppress Evidence** as **Exhibit E**).

Godinich responded by filing a sworn affidavit with the trial court on March 17, 2008, claiming that he "is not aware of abandonding any of the motions to suppress filed in this case (see attached and incorporated **Godinich's Affidavit** as **Exhibit F**).

Godinich's affidavit concealed material facts about Harrell's illegal arrest that made the breach of fiduciary duty claim inherently undiscoverable. Moreover, the trial court record at the habeas proceedings reflect that it accepted Godinich's

4

March 17, 2008 sworn affidavit as true and creditable (see attached and incorporated **Respondent's Proposed Findings of Fact, Conclusions of Law and Order** as **Exhibit G**).

## X

### DISCOVERY BY SERENDIPITY

When Harrell was pursuing his investigation against Godinich for ineffective assistance of counsel at trial. Godinich made discovery of fiduciary misconduct inherently undiscoverable by making false statements in his March 17, 2008 sworn affidavit.

After exhausting state and federal remedies. Harrell continued his investigation against Godinich for ineffective assistance during his 2005 criminal trial, cause number 982557, by filing a "motion for the production of grand jury proceeding and transcript in cause number 982557 namely; probable cause documents" (see attached and incorporated **Motion For Production** as **Exhibit H**).

On September 14, 2010, the trial court denied harrell's motion for production. harrell then appealed the trial court's denial, and the Clerk sent Harrell a certified copy of the Clerk's Record dated December 14, 2010. This Clerk's Record contained a copy of a criminal complaint that had been filed in cause number 982557 for aggravated robbery. This complaint does not state a reason to believe Harrell committed any offense against the State of Texas. Moreover, December 2010 is when Harrell had discovered that his arrest and detention had been illegally performed without a warrant or probable cause (see attached

5

and incorporated **Clerk's Record at page 2 as Exhibit I**).

Godinich represented Harrell on April 1, 2004 at the preliminary assigned court appearance and pretrial bond hearing. Godinich knew or should have known of the March 30, 2004 criminal complaint. Godinich had a legal duty to disclose, and his failure to disclose the March 30, 2004 criminal complaint to Harrell or to the trial court constituted fraudulent concealment, a claim that is not subject to defense of limitation. (see attached and incorporated **Artis Charles Harrell's Affidavit as Exhibit J**).

## XI

### GODINICH'S LEGAL DUTY TO HARRELL

In light of the circumstances, the discovery of the March 30, 2004 criminal complaint, where the trial court record does not reflect a warrant or an indictment for Harrell's arrest between the dates of March 3, 2004 and May 9, 2004. Harrell has an absloute right for a judicial officer to determine whether probable cause existed for his arrest and detention prior to the return of the May 10, 2004 indictment in cause number 982557. Had Godinich sought Harrell's release from unlawful custody, he would have laid grounds for suppressing the March 11, 2004 pretrial live lineup out-of-court identification and related evidence, and minimized Harrell's loss of earning capacity and loss profits between March 3, 2004 and May 10, 2004.

Godinich had a legal duty to secure Harrell's immediate release from unlawful custody, either by (1) personal recognizance bond,

6

or pretrial writ of habeas corpus because no probable cause existed for his arrest and detention between March 3, 2004 and May 10, 2004. Godinich's breach of duty at the preliminary assigned court appearance and bond hearing caused Harrell's premature incarceration and resulting damages.

## XII

## DAMAGES CAUSED BY BREACH OF FIDUCIARY DUTY

Harrell seeks to recover mental anguish damsges because the fiduciary misconduct was foreseeable. Harrell seeks to recover loss of profits from the time between March 3, 2004 and May 10, 2004, and loss of earning capacity because harrell's diminished capacity to earn a living was foreseeable in light of the fiduciary misconduct.

## XIII

## GODINICH IS NEGLIGENT FOR HIS FAILURE TO TURN OVER TO HARRELL, HARRELL'S CLIENT FILES IN CRIMINAL CAUSE NUMBER 982557

In November 2006, Harrell first requested his client files from Godinich, but Godinich refuse to respond (see attached and incorporated **Harrell's letter dated November 18, 2006** as **Exhibit K**). Once Harrell discovered the March 30, 2004 criminal complaint, Harrell again contacted Godinich requesting the entire contents of his [Harrell's] client files located within his [Godinich's] records, generated by him [Godinich] in his representation of Harrell as defense and appellate counsel in cause number 982557 (see attached and incorporated **Harrell's Affidavit** as **Exhibit J**).

7

After Godinich refuse to respond, Harrell contacted the State Bar of Texas. On October 14, 2013, Mr. Godinich gave the following response: "We have been unable to locate your files. Your case was tried in July 2005 and we do not retain files longer than four years after the case has been resolved." (See attached and incorporated **State Bar Letter** as **Exhibit L** and **Godinich's Letter** as **Exhibit M**).

Harrell then notified Godinich that he [Harrell] was not satified with his [Godinich's] October 14, 2013 response and requested that he [Godinich] provide harrell with a sworn affidavit explaining his actions and inactions taken in handling his [Harrell's] case in cause number 982557 (see attached and incorporated **Harrell'a Letter dated October 21, 2013** as **Exhibit N**). Again, Godinich refuse to respond. Harrell then gave Godinich a "demand letter and notice of intent to sue for breach of Fiduciary Duty." (See attached and incorporated **Harrell's Demand letter** as **Exhibit O**).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully request judgment against Defendant in a sum that is within jurisdictional limits of this Court, together with the costs and disbursements of this action, and any other relief to which Plaintiff deems himself entitled.

Artis Charles Harrell
TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

**PRO SE**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this original petition was delivered by certified mail return receipt requested to Jerome Godinich Jr. at 929 Preston, Suite 200, Houston, Texas 77002, of Harris County.

Artis Charles Harrell
TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

9

EXHIBIT 2

DEFENDANT'S ORIGINAL ANSWER AND VERIFIED DENIAL

## NO. 2014-63129

| | | |
|---|---|---|
| ARTIS CHARLES HARRELL | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| VS. | § | 190TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| JEROME GODINICH JR. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND VERIFIED DENIEL

### TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Jerome Godinich Jr., hereinafter "Defendant," and files this Original Answer and Verified Denial to Plaintiff's Original Petition and would respectfully show unto the Court as follows:

I.

Defendant denies generally the allegations contained in Plaintiff's Original Petition filed herein and demands strict proof thereof.

II.

### Verified Denial

Defendant Jerome Godinich Jr. denies that he is liable in the capacity in which he has been sued.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon a final hearing hereof, the court order that Plaintiff recover nothing of and from Defendant and award Defendant attorney's fees, post-judgment interest and all costs of Court and such further and

other relief, at law and in equity to which Defendant may show himself justly entitled.

Respectfully submitted,

_[signature]_

Jerome Godinich Jr.
929 Preston, Suite 200
Houston, Texas 77002
Tel: (713) 237-8388
Fax: (713) 224-2889

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was delivered via facsimile and Certified Mail, RRR to the following counsel of record:

Artis Harrell
TDCJ#01334295
William G. McConnell Unit
3001 South Emily Drive
Beeville, TX 78102

On this the 12th day of November 2014.

_[signature]_

Jerome Godinich Jr.

## VERIFICATION

**STATE OF TEXAS**

**COUNTY OF HARRIS**

On this day, Jerome Godinich Jr. appeared before me, the undersigned notary public, and, after being by me first duly sworn, stated that he has read the foregoing Original Answer and Verified Denial and that the factual allegations stated therein are within his personal knowledge and are true and correct.

_____
Jerome Godinich Jr.

**SUBSCRIBED AND SWORN TO** before me this the ⎽11th⎽ day of ⎽November⎽ 2014.

GLORIA PESINA POA
My Commission Expires
April 9, 2015

_____
**NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS**



CERTIFIED MAIL®

7014 2120 0002 7340 8137

RETURN RECEIPT REQUESTED

Jerome Godinich, Jr
Attorney at Law
929 Preston, Suite 200
Houston, Texas 77002

U.S. POSTAGE
PAID
HOUSTON,TX
77201
NOV 12, 14
AMOUNT
$6.49
00112902-23

1000
78102

3001 T

Artis Harrell
TDCJ#01334295
William G. McConnell Unit
3001 South Emily Drive
Beeville, TX 78102

78102055099

RECEIVED ON 11-18-14

EXHIBIT 3

PLAINTIFF ARTIS CHARLES HARRELL' FIRST
INTERROGATORIES TO THE DEFENDANT

## CASE NO. 2014-63129

ARTIS CHARLES HARRELL
Plaintiff

v.

JEROME GODINICH, JR.
Defendant

IN THE 190th STATE CIVIL

DISTRICT COURT OF

HARRIS COUNTY, TEXAS

### PLAINTIFF ARTIS CHARLES HARRELL'S FIRST INTERROGATORIES TO THE DEFENDANT

Plaintiff Artis Charles Harrell ("Harrell") serves the following written discovery upon Defendant Jerome Godinich, Jr, ("Godinich") and demands timely response under the appropriate Rules of Civil Procedure.

To: Jerome Godinich, Jr., by and through Artis Charles Harrell, W.G. McConnell Unit, 3001 S. Emily Dr., Beeville, Texas 78102.

Artis Charles Harrell, serves these interrogatories on Jerome Godinich, Jr., as allowed by the Texas Rules of Civil Procedure 197. Jerome Godinich, Jr. must answer each interrogatory separately, fully, in writing, and under oath, within 30 days after service.

### INSTRUCTIONS

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reason for the disappearance. Also, identify each person having knowledge about the disposition

or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## DEFINTIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Plaintiff" or "defendant," as well as a party's full or abreviated name or a pronoun referring to a party, means the party, and where applicable, the party's agents, representives, officers, directors, employees, partners, corporate agents, subsidiaries, affilates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means Jerome Godinich, Jr., successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of jerome Godinich, Jr. or his successors, predecessors, divisions, and subsidiaries.

3. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you,

2

that constitute or contain matters relevant to the subject matter of the action.

4. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

5. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, govermental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

6. "Mobile divice" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic roldex, walkie-talkie, or any combination of these devices.

7. "Contract" menas the agreement that is the subject of this lawsuit which includes any court ordered appoinments.

8. "Identify" or "describe" when referring to a person, means you must state the following:

    a. The full name.

    b. The present or last known residential address and residential telephone number.

    c. The present or last known office address and office telephone number.

    d. The occupation, job title, employer, and employer's address at the time of the event or period referred to ineach particular interrogatory.

3

e.   In the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

9.   "Identify" or "describe" when referring to a document, means you must state the following:

a.   The nature (e.g., letter, handwritten note) of the document.

b.   The title or heading that appears on the document.

c.   The date of the document and the date of each addendum, supplement, or other addition or change.

d.   The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or dilivered.

e.   The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

### INDIVIDUAL DISCOVERY REQUESTS REGARDING HARRELL'S ARREST AND DETENTION BETWEEN MARCH 3, 2004 AND MAY 11, 2004 IN CAUSE NUMBER 982557

**Interrogatory 1:**

Identify the document that a natural and detached magistrate issued an arrest warrant, or that there was an indictment issued for Harrell's March 3, 2004 arrest and detention in cause number 982557.

4

**Interrogatory 2:**

Explain how long Artis Charles Harrell was held in the custody of the Houston Police Department and the Harris County Sheriff's Department respectively, without bond, before he was taken before a magistrate and charged by indictment with aggravated robbery in cause number 982557.

**Interrogatory 3:**

Explain in full detail, if any, whether Houston Police had probable cause to arrest Artis Charles Harrell on March 3, 2004 in cause number 982557.

**Interrogatory 4:**

Explain in full detail, under what circumstances was Artis Charles Harrell arrested on March 3, 2004.

**Interrogatory 5:**

Identify the document that reflects when Artis Charles Harrell was taken before the magistrate in cause number 982557.

**Interrogatory 6:**

Identify the document that reflects when Artis Charles Harrell was charged with aggravated robbery in cause number 982557.

**Interrogatory 7:**

Identify all evidence obtained by law enforcement from Artis Charles Harrell between March 3, 2004 and May 10, 2004 while he was in their custody, and was that evidence seized legally or illegally, explain your answer in full detail.

**Interrogatory 8:**

Identify any primary and excess insurance polices, on your part, that may be liable for payment of any portion of any judgment Artis Charles Harrell may secure or that may be responsible to provide at least part of your defense to this suit.

**Interrogatory 9:**

Identify any documents whereby any insurance company is defending you under a reservation of rights to assert policy defenses against you at a later time.

5

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of "Plaintiff Artis Charles Harrell's First Interrogatories to the Defendant" was delivered by certified mail return receipt requested to Jerome Godinich, Jr. at 929 Preston, Suite 200, Houston, Texas 77002. Certified Mail No. 7008 0500 0000 6637 6855, by placing the same in the prison U.S. mailing system on December 2, 2014.

Artis Charles Harrell
TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

**PRO SE**

6

EXHIBIT 4

PLAINTIFF ARTIS CHARLES HARRELL'S SECOND
INTERROGATORIES TO THE DEFENDANT JEROME GODINICH JR.

CAUSE NO. 2014-63129

| | | |
|---|---|---|
| ARTIS CHARLES HARRELL | § | IN THE DISTRICT COURT |
| v. | § | 190th JUDICIAL DISTRICT |
| JEROME GODINICH JR. | § | HARRIS COUNTY, TEXAS |

PLAINTIFF ARTIS CHARLES HARRELL'S SECOND
INTERROGATORIES TO THE DEFENDANT JEROME GODINICH JR.

Mr. Jerome Godinich jr. these next set of interrogatories are the discovery into the facts of what if any investigation you may or may have not conducted in your preparation for trial in cause number 982557.

Interrogatory No. 1:

When the Houston police arrested Artis Charles Harrell on March 3, 2004 in cause number 982557, did police find him in possession of the victim's stolen property (i.e., credit cards, ID, wallet, or car).

Interrogatory No. 2:

Was the Houston police outside their territorial geographicial jurisdiction when they entered Sugar Land, Fort Bend County and arrested Harrell in his home located at 9602 Bird Nest Trl. without a warrant or probable cause and exigent circumstances on March 3, 2004.

Interrogatory No. 3:

How come you failed or did not challenge the probable cause for Harrell's March 3, 2004 arrest when the State filed their affidavit of probable cause on March 30, 2004 twenty-seven (27) days after Harrell had been arrested, an affidavit that does not state the police reasonable belief that Harrell committed this crime in cause number 982557.

Interrogatory No. 4:

How come you failed or did not suppress the March 11, 2004 uncounseled live lineup identification evidence as evidence obtained in violation of the 14th Amendment because the police failed to take Harrell before a magistrate in a timely manner and the 6th Amendment because Harrell was denied counsel at this March 11, 2004 lineup.

## Interrogatory No. 5:

Prior to the March 11, 2004 uncounseled live lineup identification, did the Houston police have any reasonable basis to believe that Harrell committed this crime in cause number 982557, if so, explain the police reasonable belief, if not, explain the police not having a reasonable belief.

## Interrogatory No. 6:

How come you failed or did not call the arresting officers to the witness stand during any of the pretrial motion hearings in cause number 982557 to explain the circumstances surrounding Harrell's March 3, 2004 arrest.

## Interrogatory No. 7:

Absent the constitutional violation of the 14th Amendment to the United States Constitution, for the police failure to take Harrell before a magistrate in a timely manner, of which the March 11, 2004 pretrial live lineup identification evidence was obtained, and the constitutional violation of the 6th Amendment to the United States Constitution, of Harrell being denied the right to counsel at the March 11, 2004 lineup, which was the result of the 14th Amendment violation, what evidence, if any, is there linking Harrell to this crime in cause number 982557.

## Interrogatory No. 8:

Is there a casual connection between the delay of Harrell not being taken before a magistrate in a timely manner, Harrell being denied the right to counsel at the March 11, 2004 pretrial live lineup identification and the March 11, 2004 pretrial live lineup identification itself, if so, explain, if not, explain.

Respectfully submitted,

_Artis C. Harrell_
Artis Charles Harrell
TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beevile, Texas 78102

**PRO SE**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument (i.e., Plaintiff Artis Charles Harrell's Second Interrogatories to the Defendant Jerome Godinich Jr.) was delivered via Certified Mail, RRR to the following counsel of record:

Jerome Godinicg Jr.
929 Preston, Suite 200
Houston, Texas 77002

Certified Mail No. 7013 3020 0000 0350 1564

Executed on January 2, 2015.

Artis Charles Harrell

3

## NO. 2014-63129

| | | |
|---|---|---|
| ARTIS CHARLES HARRELL | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| VS. | § | 190TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| JEROME GODINICH JR. | § | HARRIS COUNTY, TEXAS |

### RESPONSE TO PLAINTIFF ARTIS CHARLES HARRELL'S SECOND INTERROGATORIES TO THE DEFENDANT

Interrogatory 1:

Respondent is unable to answer interrogatory number 1 since the respondent is not in possession of the offense report.

Interrogatory 2:

Respondent is unable to answer interrogatory number 2. The Houston Police Department is in possession of the information referenced in this interrogatory.

Interrogatory 3:

Respondent is unable to answer interrogatory 3 since respondent is no longer in possession of the plaintiff's file. Moreover, plaintiff was indicted and the grand jury found probable cause.

Interrogatory 4:

Respondent is unable to answer interrogatory 4 since the question is not clear and is convoluted.

Interrogatory 5:

Respondent is unable to answer interrogatory 5. The Houston Police Department is in possession of the information referenced in this interrogatory.

Interrogatory 6:

Respondent is unable to answer interrogatory 6 because the interrogatory is unclear. Respondent is not sure if plaintiff is referencing a motion to suppress or some other pretrial motion.

Moreover, respondent is not in possession of plaintiff's files.

Interrogatory 7:

Respondent is unable to answer interrogatory 7. Plaintiff was convicted of this offense by a jury.

Interrogatory 8:

Respondent is unable to answer interrogatory 8. Law enforcement is possession of this information referenced in this interrogatory.

Respectfully submitted,

/s/Jerome Godinich Jr.
Jerome Godinich Jr.
929 Preston, Suite 200
Houston, Texas 77002
Tel: (713) 237-8388
Fax: (713) 224-2889

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was delivered via facsimile and Certified Mail, RRR to the following counsel of record:

Artis Harrell
TDCJ#01334295
William G. McConnell Unit
3001 South Emily Drive
Beeville, TX 78102

On this the 20th day of January 2015.

/s/Jerome Godinich Jr.
Jerome Godinich Jr.

EXHIBIT 5

PLAINTIFF ARTIS CHARLES HARRELL'S THIRD SET OF
INTERROGATORIES TO THE DEFENDANT JEROME GODINICH JR.

CAUSE NO. 2014-63129

| ARTIS CHARLES HARRELL | § | IN THE DISTRICT COURT |
|---|---|---|
| v. | § | 190th JUDICIAL DISTRICT |
| JEROME GODINICH JR. | § | HARRIS COUNTY, TEXAS |

PLAINTIFF ARTIS CHARLES HARRELL'S THIRD SET OF
INTERROGATORIES TO THE DEFENDANT JEROME GODINICH JR.


Mr. Jerome Godinich Jr. these next set of interrogatories are the discovery into the facts of what if any investigation you may or may not have conducted in your preparation for trial in cause number 982557. The following interrogatories require you to provide a sworn affidavit. Your failure to provide a affidavit will result in the request for sanctions.

Interrogatory No. 1:

Attached is a copy of the indictment in cause number 982557, as Exhibit 1. This indictment reflects that Harrell was arrested on March 3, 2004, and the indictment was issued on May 10, 2004, demonstrating there was a 68-day delay between Harrell's arrest and indictment. Attached is an excerpt from the trial record, as Exhibit 2. This excerpt demonstrates that the police obtained the pre-trial identification evidence as a result of this delay. How come you did not move to suppress this pre-trial identification evidence as evidence obtained through exploitation of the Fourth Amendment to the United States Constitution.


Interrogatory No. 2:

Did you have knowledge that the prosecution's case was based upon fingerprint evidence recovered from the complainant's car in cause number 982557 to identify the perpatrator in that case.

Interrogatory No. 3:

Identify the arresting officers who arrested Harrell on March 3, 2004.

Interrogatory No. 4:

How come you are not in possession of Harrell's case files in cause number 982557, and how come you've never given the files to Harrell when he requested them.

Interrogatory No. 5:

Do you have legal malpractice insurance.

## Interrogatory No. 6:

In regards to your investigation of the facts of the case in cause number 982557, did you investigate any alibi defenses or witnesses on harrell's behalf, if so, what was the alibi defense you investigated and/or witnesses, if not, explain your inaction.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument (i.e., Plaintiff Artis Charles Harrell's Third set of Interrogatories to the Defendant Jerome Godinich Jr.) was delivered via Certified Mail, RRR to the following counsel of record:

Jerome Godinich Jr.
929 Preston
Suite 200
Houston, Texas 77002

Certified Mail No.:
7013 3020 0000 0355 1460

_Artis C. Harrell_
Artis Charles Harrell

Executed on February 23, 2015

2

EXHIBIT 6

ARTIS CHARLES HARRELL'S MOTION TO COMPEL
JEROME GODINICH JR. TO RESPOND TO
PLAINTIFF'S FIRST INTERROGATORIES TO THE DEFENDANT

CAUSE NO. 201463129

| ARTIS CHARLES HARRELL | § | IN THE 190th JUDICIAL |
| | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| | § | |
| JEROME GODINICH JR. | § | HARRIS COUNTY, TEXAS |

## ARTIS CHARLES HARRELL'S MOTION TO COMPEL JEROME GODINICH JR. TO RESPOND TO PLAINTIFF'S FIRST INTERROGATORIES TO THE DEFENDSNT

Artis Charles Harrell ("Harrell") asks the court to compel Jerome Godinich Jr. ("Godinich") to respond to Harrell's discovery requests.

### A. Introduction

1. Plaintiff is Artis Charles Harrell; defendant is Jerome Godinich Jr.

2. Harrell sued Godinich for damages for breach of fiduciary duty for failure to disclose, and for failure to turn over to Harrell, Harrell's client files in criminal cause number 982557.

3. Discovery in this suit is governed by a Level 3 discovery control plan. The trial court has not set a date for when the discovery period will end.

4. The trial court has not set a date for when the case will go to trial or a date for pre-trial conference hearing.

### B. Facts

5. On December 2, 2014, Harrell served Godinich with the attached discovery request in accordance with Texas Rules of Civil Procedure 21 and 21a.

6. Godinich served the attached responses on December 18, 2014.

7. Godinich is required by the Rules of Civil Procedure to verify all answers. However, Godinich has failed to do so.

8. Harrell attached his affidavit to this motion to establish facts not appearant from the record and incorporates it by reference.

## C. Argument & Authorities

9. The purpose of discovery is to seek the truth, so disputes may be decided by what the facts reveal, not by what facts are concealed. **Axelson, Inc. v. McIlhany,** 798 S.W.2d 550, 555 (Tex. 1990). Discovery may be obtained about any matter relevant to the subject matter of the case. Tex. R. Civ. P. 192.3. Information is discoverable as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." Id.

10. Harrell's discovery requests are reasonably caculated to lead to the discovery of admissible evidence. Specifically, they seek information regarding one party's legal duty to the other party. This information is necessary because Godinich was Harrell's trial attorney in a criminal action, of which Harrell discovered that Godinich had concealed exculpatory evidence in harrell's defense causing Harrell to be denied due process of law. Also this information is likely to lead to additional and

2

other information is relevant to the dispute.

11. A trial court may compel a party to respond adequately to interrogatories. Tex. R. Civ. P. 215.1(b). Godinich did not respond adequately to interrogatories as required by Texas Rule of Civil Procedure 193.1. Therefore, the court should compel Godinich to comply with the rule. Godinich's responses are inadequate for the following reasons:

   a. Godinich did not verify his responses to interrogatories. Texas Rule of Civil Procedure 197.2(d) requires the interrogatories to be verified by Godinich.

## D. Conclusion

Godinich's answers are non-responsive to interrogatories because Godinich was in possession of all information regarding his investigation into the facts of Harrell's criminal case. Godinich has yet to explain why he is not in possession of such investigatory facts. Godinich is still concealing information as his answers are not verified.

## E. Prayer

For these reasons, Harrell asks the court to set this motion for hearing and, after the hearing, compel Godinich to file adequate responses to Harrell's discovery request.

3

## CERTIFICATE OF SERVICE

I certify that a copy of Artis Charles Harrell's Motion to Compel Jerome Godinich to Respond to Plaintiff's First Interrogatories was served upon the Defendant at the below listed address:

Jerome Godinich Jr.
929 Preston, Suite 200
Houston, Texas 77002

Certified Mail return receipt No. 7008 0500 0000 6637 6770

Executed on April 27, 2015.

Artis Charles Harrell
Pro se - TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

## CERTIFICATE OF CONFERENCE

I certify that a reasonable effort was made to resolve the dispute without the necessity of court intervention, and efforts failed.

Executed on April 27, 2015.

Artis Charles Harrell

4

EXHIBIT 7

ARTIS CHARLES HARRELL'S MOTION TO COMPEL
JEROME GODINICH JR. TO RESPOND TO
PLAINTIFF'S SECOND INTERROGATORIES TO THE DEFENDANT

CAUSE NO. 201463129

| ARTIS CHARLES HARRELL | § | IN THE 190th JUDICIAL |
|---|---|---|
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| JEROME GODINICH JR. | § | HARRIS COUNTY, TEXAS |

## ARTIS CHARLES HARRELL'S MOTION TO COMPEL JEROME GODINICH JR. TO RESPOND TO PLAINTIFF'S SECOND INTERROGATORIES TO THE DEFENDANT

Artis Charles Harrell ("Harrell") asks the court to compel Jerome Godinich Jr. ("Godinich") to respond to Harrell's discovery requests.

### A. Introduction

1. Plaintiff is Artis Charles Harrell; defendant is Jerome Godinich Jr.

2. Harrell sued Godinich for damages for breach of fiduciary duty for failure to disclose, and for failure to turn over to Harrell, Harrell's client files in criminal cause number 982557.

3. Discovery in this suit is governed by a Level 3 discovery control plan. The trial court has not set a date for when the discovery period will end.

4. The trial court has not set a date for when the case will go to trial or a date for pre-trial conference hearing.

5. On January 5, 2015, Harrell served Godinich with the discovery request in accordance with Texas Rule of Civil Procedure 21 and 21a.

6. Godinich served the attached responses on January 20, 2015.

7. Godinich is required by the Rules of Civil Procedure to verify all answers. However, Godinich has failed to do so.

8. Harrell attaches his affidavit to this motion to establish facts not appearant from the record and incorporates it by reference.

## C. Argument & Authorities

9. The purpose of discovery is to seek the truth, so disputes may be decided by what the facts reveal, not by what facts are concealed. **Axelson, Inc. v. McIlhany,** 798 S.W.2d 550, 555 (Tex. 1990). Discovery may be obtained about any matter relevant to the subject matter of the case. Tex. R. Civ. P. 192.3. Information is discoverable as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." Id.

10. Harrell's discovery requests are reasonably calculated to lead to the discovery of admissible evidence. Specifically, they seek information regarding one party's legal duty to the other party. This information is necessary because Godinich was Harrell's trial attorney in a criminal action, of which Harrell discovered that Godinich had concealed exculpatory evidence in Harrell's defense causing Harrell to be denied due process of law. Also this information is likely to lead to additional and

other information that is relevant to the dispute.

11. A trial court may compel a party to respond adequately to interrogatories. Tex. R. Civ. P. 215.1(b). Godinich did not respond adequately to interrogatories as required by Texas Rules of Civil Procedure 193.1. Therefore, the court should compel Godinich to comply with the rule. Godinich's responses are inadequate for the following reasons:

a. Godinich did not verify his responses to interrogatories. Texas Rules oc Civil Procedure 197.2(d) required the interrogatories to be verified by Godinich.

## D. Conclusion

Godinich's answers are non-responsive to interrogatories because Godinich was in possession of all information regarding his investigation into the facts of Harrell's criminal case. Godinich has yet to explain why he is not in possession of such investigatory facts. Godinich is still concealing information as his answers are not verified.

## E. Prayer

For these reasons, Harrell asks the court to set this motion for hearing and, after the hearing, compel Godinich to file adequate responsess to Harrell's discovery requests.

3

## CERTIFICATE OF SERVICE

I certify that a copy of Artis Charles Harrell's Motion to Compel Jerome Godinich Jr. to Respond to Plaintiff's Second Interrogatories was served upon the Defendant at the below listed address:

Jerome Godinich Jr.
929 Preston, Suite 200
Houston, Texas 77002

Certified Mail return receipt no. 7008 0500 0000 6637 6770

Executed on April 27, 2015.

Artis Charles Harrell
Pro se - TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

## CERTIFICATE OF CONFERENCE

I certify that a reasonable effort was made to resolve the dispute without the necessity of court intervention, and efforts failed.

Executed on April 27, 2015.

Artis Charles Harrell

4

EXHIBIT 8

ARTIS CHARLES HARRELL'S MOTION TO COMPEL
JEROME GODINICH JR. TO RESPOND TO
PLAINTIFF'S THIRD INTERROGATORISE TO THE DEFENDANT

CAUSE NO. 201463129

| ARTIS CHARLES HARRELL | § | IN THE 190th JUDICIAL |
|---|---|---|
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| JEROME GODINICH JR. | § | HARRIS COUNTY, TEXAS |

## ARTIS CHARLES HARRELL'S MOTION TO COMPEL JEROME GODINICH JR. TO RESPOND TO PLAINTIFF'S THIRD INTERROGATORIES TO THE DEFENDANT

Artis Charles Harrell ("Harrell") asks the court to compel Jerome Godinich Jr. ("Godinich") to respond to Harrell's discovery requests.

### A. Introduction

1. Plaintiff is Artis Charles Harrell; defendant is Jerome Godinich Jr.

2. Harrell sued Godinich for damages for breach of fiduciary duty for failure to disclose, and for failure to turn over to Harrell, Harrell's client files in criminal cause number 982557.

3. Discovery in this suit is governed by a Level 3 discovery control plan. The trial court has not set a date for when the discovery period will end.

4. The trial court has not set a date for when the case will go to trial or a date for pre-trial conference hearing.

### B. Facts

5. On February 23, 2015, Harrell served Godinich with the attached discovery request in accordance with Texas Rules of Civil Procedure 21 and 21a.

6. Although Godinich's responses were due on March 25, 2015, Godinich had not responded to Harrell's discovery request. Therefore, the court should order Godinich to file responses. Harrell attaches the certified mail recipt and a copy of the requested discovery to this motion and incorporates it by reference.

7. Godinich not responding to the requested discovery clearly demonstrates that he is continuing to conceal material information that would resolve all matters that are in dispute.

8. Harrell attaches his affidavit to this motion to establish facts not apparent from the record and incorporates it by reference.

## C. Argument & Authorties

9. The purpose of discovery is to seek the truth, so disputes may be decided by what the facts reveal, not by what facts are concealed. **Axelson, Inc. v. McIlhany,** 798 S.W.2d 550, 555 (Tex. 1990). Discovery may be obtained about any matter relevant to the subject matter of the case. Tex. R. Civ. P. 192.3 Information is discoverable as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." Id.

10. Harrell's discovery request are reasonably calculated to lead to the discovery of admissible evidence. Specifically, they seek information regarding Godinich's legal duty to Harrell. This information is necessary because

2

Godinich was Harrell's trial counsel in a criminal action, of which Harrell discovered that Godinich had concealed exculpatory evidence in Harrell's defense, causing Harrell to be denied due process of law. Also this information will lead to additional and other information that is relevant to the dispute.

11. A trial court may compel a party to respond adequately to interrogatories. Tex. R. Civ. P. 215.(b). Godinich did not respond to interrogatories as required by Texas Rules of Civil Procedure 193.1. Therefore, the court should compel Godinich to respond to the interrogatories that is attached to this motion and incorporates it by reference.

## D. Conclusion

Godinich is in fact continuing to conceal material information that will ultimately resolve all disputes in this case.

## E. Prayer

For these reasons, Harrell asks the court to set this motion for hearing and, after the hearing, compel Godinich to file responses to Harrell's discovery requests.

3

## CERTIFICATE OF SERVICE

I certify that a copy of Artis Charles Harrell's Motion to Compel Jerome Godinich to Respond to Plaintiff's Third Interrogatories was served upon the Defendant at the below listed address:

Jerome Godinich Jr.
929 Preston, Suite 200
Houston, Texas 77002

Certified Mail return receipt requested No. 7008 0500 0000 6637 6770

Executed on April 27, 2015.

*Artis C. Harrell*
Artis Charles Harrell
Pro se - TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

## CERTIFICATE OF CONFERENCE

I certify that a reasonable effort was made to resolve the dispute without the necessity of court intervention, and efforts failed.

Executed on April 27, 2015.

*Artis C. Harrell*
Artis Charles Harrell

4

EXHIBIT 9

MOTION TO TRIAL COURT FOR AN IMMEDIATE RULING ON
"ARTIS CHARLES HARRELL'S MOTION TO COMPEL JEROME GODINICH JR.
TO RESPOND TO PLAINTIFF'S FIRST INTERROGATORIES TO THE DEFENDANT"

CAUSE NO. 201463129

| ARTIS CHARLES HARRELL | § | IN THE 190th JUDICIAL |
|---|---|---|
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| JEROME GODINICH JR. | § | HARRIS COUNTY, TEXAS |

MOTION TO TRIAL COURT FOR AN IMMEDIATE RULING ON
"ARTIS CHARLES HARRELL'S MOTION TO COMPEL JEROME GODINICH JR.
TO RESPOND TO PLAINTIFF'S FIRST INTERROGATORIES TO THE DEFENDANT"

Artis Charles Harrell ("Harrell") asks the court to immediately rule on Harrell's pending motion to compel Jerome Godinich jr. to respond to plaintiff's first interrogatories to the Defendant, and would show the following:

### Facts

1. On December 2, 2014, Harrell served Jerome Godinich Jr. ("Godinich") with request for discovery and Godinich refuse to verify his answers, which in essence is a concealment of information.

2. On April 27, 2015, Harrell filed a motion with this court to compel Godinich to properly respond to requested discovery

3. As of to date, this court has not ruled on said motion.

4. Harrell is asking for an immediate ruling, so that he can expedite his case in a timely manner without delay.

5. Harrell request that, if this court refuses to rule on the pending mation, a reason for such refusal to rule on the pending motion is requested.

## Conclusion

The immediate ruling in this case is necessary as to expedite discovery and final resolution involving all matters in dispute prior to trial.

## Prayer

For these reasons, Harrell asks the court to set this motion for a hearing, rule on said motion, and after the hearing, compel Godinich to file adequate responses to Harrell's discovery request.

## Certificate of Service

I certify that a copy of the "Motion to Trial Court for an Immediate Ruling on Artis Charles harrell's Motion to Compel Jerome Godinich Jr. to Respond to Plaintiff's F First Interrogatories to the Defendant" was served upon Defendant at the below listed address:

Jerome Godinich Jr.
929 Preston
Suite 200
Houston, Texas 77002

Certified Mail RRR No. 7013 3020 0000 0355 2573

Respectfully submitted,

Artis Charles Harrell
Pro se - TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

Executed on may 13, 2015.

2

EXHIBIT 10

MOTION TO THE TRIAL COURT FOR AN IMMEDIATE RULING ON
"ARTIS CHARLES HARRELL'S MOTION TO COMPEL JEROME GODINICH JR.
TO RESPOND TO PLAINTIFF'S SECOND INTERROGATORIES TO THE DEFENDANT"

CAUSE NO. 201463129

| ARTIS CHARLES HARRELL | § | IN THE 190th JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| JEROME GODINICH JR. | § | HARRIS COUNTY, TEXAS |

MOTION TO TRIAL COURT FOR AN IMMEDIATE RULING ON
"ARTIS CHARLES HARRELL'S MOTION TO COMPEL JEROME GODINICH JR.
TO RESPOND TO PLAINTIFF'S SECOND INTERROGATORIES TO THE DEFENDANT"

Artis Charles Harrell ("Harrell") asks the court to immediately rule on Harrell's pending motion to compel Jerome Godinich Jr. to respond to plaintiff's second interrogatories to the Defendant and would show the following:

FACTS

1. On January 2, 2015, Harrell served Jerome Godinich Jr. ("Godinich") with request for discovery and Godinich refuse to respond to the requested discovery, which in essence is a concealment of information.

2. On April 27, 2015, Harrell filed a motion with this court to compel Godinich to respond to requested discovery.

3. As of to date, this court has not ruled on said motion.

4. Harrell is asking for an immediate ruling so that he can expedite his case in a timely manner without delay.

5. Harrell request that, if this court refuses to rule on the pending motion, a reason for such refusal to rule on the pending motion is requested.

## CONCLUSION

The immediate ruling in this case is necessary as to expedite discovery and a final resolution involving all matters in dispute prior to trial.

## Prayer

For these reasons, Harrell asks the court to set this motion for a hearing, rule on said motion, and after the hearing, compel Godinich to file adequate responses to Harrell's discovery request.

## Certificate of Service

I certify that a copy of the "Motion to Trial Court for an Immediate Ruling on Artis Charles Harrell's Motion to Compel Jerome Godinich Jr. to Respond to Plaintiff's Second Interrogatories to the Defendant" was served upon Defendant at the below listed address:

Jerome Godinich Jr.
929 Preston
Suite 200
Houston, Texas 77002

Certified Mail RRR No. 7013 3020 0000 0355 2573

Executed on May 13, 2015

Respectfully submitted,

Artis Charles Harrell
TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

2

EXHIBIT 11

MOTION TO TRIAL COURT FOR AN IMMEDIATE RULING ON
"ARTIS CHARLES HARRELL'S MOTION TO COMPEL JEROME GODINICH JR.
TO RESPOND TO PLAINTIFF'S THIRD INTERROGATORIES TO THE DEFENDANT"

CAUSE NO. 201463129

ARTIS CHARLES HARRELL      §      IN THE 190th JUDICIAL

VS.      §      DISTRICT COURT OF

JEROME GODINICH JR.      §      HARRIS COUNTY, TEXAS

MOTION TO TRIAL COURT FOR AN IMMEDIATE RULING ON
"ARTIS CHARLES HARRELL'S MOTION TO COMPEL JEROME GODINICH JR.
TO RESPOND TO PLAINTIFF'S THIRD INTERROGATORIES TO THE DEFENDANT"

Artis Charles Harrell ("Harrell") asks the court to immediately rule on Harrell's pending motion to compel Jerome Godinich Jr. to respond to Plaintiff's third interrogatories to the Defendant, and would show the following:

Facts

1. On February 23, 2015, Harrell served Jerome Godinich Jr. ("Godinich") with request for discovery and Godinich refuse to respond to the requested discovery, which in essence is a concealment of information.

2. On April 27, 2015, Harrell filed a motion with this court to compel Godinich to respond to requested discovery.

3. As of to date, this court has not ruled on said motion.

4. Harrell is asking for an immediate ruling so that he can expedite his case in a timely manner without delay.

5. Harrell request that, if this court refuses to rule on the pending motion, a reason for such refusal to rule on the pending motion is requested.

## Conclusion

The immediate ruling in this case is necessary as to expedite discovery and a final resolution involving all matters in dispute prior to trial.

## Prayer

For these reasons, Harrell asks the court to set this motion for a hearing, rule on said motion, and after the hearing, cpmpel Godinich to file adequate responses to Harrell's discovery request.

## Certificate of Service

I certify that a copy of the "Motion to Trial Court for an Immediate Ruling on Artis Charles Harrell's Motion to Compel Jerome Godinich Jr. to Respond to Plaintiff's Third Interrogatories to the Defendant" was served upon Defendant at the below listed address:

Jerome Godinich Jr.
929 Preston
Suite 200
Houston, Texas 77002

Certified Mail RRR No. 7013 3020 0000 0355 2573

May 13, 2013

Respectfully, Submitted,

*Artis C. Harrell*

Artis Charles Harrell
Pro se - TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

2

EXHIBIT 12

HARRELL'S LETTER TO
JUDGE PATRICIA J. KERRIGAN
DATED MAY 28, 2015

ARTIS CHARLES HARRELL
PRO SE - TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102


May 28, 2015


Judge Patricia J. Kerrigan
Civil Courthouse
201 Caroline St.
12th Floor
Houston, Texas 77002


RE: Harrell v. Godinich; Cause No. 201463129
Immediate Ruling on Pending Motions

Dear Judge Kerrigan:

I've filed the instant suit against the defendant for breach of fiduciary duty. On file is my request for a jury trial. The trial court has not set a date for when the case will go to trial. Discovery in this case is governed by a Level 3 discovery control plan. The trial court has not set a date for when the discovery period will end.

I've served the defendant with interrogatories on December 2, 2014, January 2, 2015, and February 23, 2015 respectively. The defendant is required by the Rules of Civil Procedure to verify all answers, as well provide an answer to interrogatories. However, the defendant has failed to do so in either form, verify his answer and provide answers to interrogatories. This has lead me to file with the court motions to compel and motions for an immediate ruling on the motion to compel. I've filed these motions on April 27, 2015 and May 13, 2015 respectively.

As of to date, this court has not ruled on said motions. I'm asking that this court make an immediate ruling on the pending motions so that I can expedite my case through the court in a timely manner without delay. If this court refuses to rule on the pending motions within 30 days from the date of this letter. This will force me to file with the Court of Appeals a Writ of Mandamus.

Thank you Judge Kerrigan with your assistance.

Sincerely,

Artis Charles Harrell

cc:filed
    ACH